## A93A0472. ALFORD v. STATE OF GEORGIA.
### (431 SE2d 393)

BEASLEY, Presiding Judge.

This is a drug forfeiture proceeding. OCGA § 16-13-49. Sarah Alford appeals the trial court's grant of the State's motion to dismiss her answer, because it did not contain information required by OCGA § 16-13-49 (o) (3). She also appeals the denial of her motion to dismiss the State's complaint, because a hearing was not held within 60 days after service of the complaint as required by OCGA § 16-13-49 (o) (5).

On August 15, 1991, a narcotics task force executed a search warrant at the mobile home in which Rickey and Sarah Alford resided, seizing 12.9 grams of cocaine, $150 in U. S. currency, and a handgun. Rickey pled guilty to various criminal charges, including violations of the Georgia Controlled Substances Act.

On November 18, the district attorney, on behalf of the State, filed a complaint for forfeiture of the currency and the handgun, as well as the mobile home and tract of land on which it sits. The complaint listed the Alfords as the only known owners and a finance company in Barnesville as the only known interest holder. The complaint stated that the currency and handgun were being held by the task force, and the real estate and mobile home were being held by the Alfords.

Sarah was served with the summons and complaint on November 20, and Rickey was served the following day. She filed a cursory answer on December 10, denying all allegations of the complaint except its introductory description of the property sought to be forfeited. On January 16, 1992, she filed an amended answer setting forth an innocent owner defense under OCGA § 16-13-49 (e) (1), (2), and (5); she also submitted interrogatories to the assistant district attorney, the answers to which were filed on February 26. On July 15, the State amended the complaint setting forth grounds for the forfeiture in addition to those stated in the original complaint. Counsel for the Alfords was granted a leave of absence from August 5 through August 12. On September 8, Rickey Alford filed a waiver releasing all right, title, and ownership in the subject property.

On September 14, the State filed its motion to dismiss. On September 18, a hearing was held on the State's motion. At the hearing, Sarah moved to dismiss the State's complaint in response to which the State argued that after Alford filed an answer, the parties engaged in settlement negotiations, and there were informal agreements be-

tween counsel to continue the hearing. However, no continuance of record was obtained.

1. *An overview.* OCGA § 16-13-49 was originally enacted in 1974 and it was rewritten in 1991. A complaint for forfeiture of property filed pursuant to this statute is a special statutory proceeding. *State of Ga. v. Britt Caribe, Ltd.*, 154 Ga. App. 476, 477 (268 SE2d 702) (1980). OCGA § 9-11-81 states that the Civil Practice Act "shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law; but, in any event, the provisions of [the CPA] governing the sufficiency of pleadings . . . shall apply to all such proceedings." *Johnson v. Caldwell*, 229 Ga. 548, 550 (192 SE2d 900) (1972). Prior cases held, in accordance with general principles, that drug forfeiture statutes are to be strictly construed. *Lang v. State of Ga.*, 168 Ga. App. 693, 695 (4) (310 SE2d 276) (1983). As rewritten in 1991, the statute provides that it shall be liberally construed. OCGA § 16-13-49 (z). "However, to ensure due process to the property owner, the statute must be strictly conformed to by the condemning body." *Dorsey v. Dept. of Transp.*, 248 Ga. 34, 37 (279 SE2d 707) (1981).

OCGA § 16-13-49 " 'sets out and balances two legislative intentions: (1) the prompt disposition of property subject to forfeiture under the statute . . . ; and (2) the protection of property interests of innocent owners, as defined by the statute.' [Cit.]" *Hubbard v. State of Ga.*, 201 Ga. App. 213, 214-215 (1) (411 SE2d 44) (1991). Consequently, the property owner and the State have their respective evidentiary burdens, as well as shifting obligations for compliance with time requirements.

2. *The complaint.* Prior to 1991, the district attorney was required to file the complaint within 30 days of seizure, former OCGA § 16-13-49 (e), and the consequences of the failure to do so were not stated. We held that where the State failed to comply with this specific statutory prerequisite, the trial court correctly granted the defendant's motion for return of the property. *State of Ga. v. Ellis*, 156 Ga. App. 779 (1) (275 SE2d 361) (1980). In *State of Ga. v. Luke*, 183 Ga. App. 182 (358 SE2d 272) (1987), we followed this holding in *Ellis*, rejecting the argument that the 30-day requirement was directory rather than mandatory since there was no penalty in the statute for non-compliance.

OCGA § 16-13-49 (h) (2) now requires the district attorney to file the complaint within 60 days from the date of seizure. Once that is done, the State must carry its burden of proving by a preponderance of the evidence a prima facie case for forfeiture. *State of Ga. v. Jackson*, 197 Ga. App. 619, 623 (1) (399 SE2d 88) (1990). OCGA § 16-13-49 (h) (3) now expressly states that if the state fails to initiate forfeiture proceedings within the 60-day period, "the property must be re-

leased on the request of an owner or interest holder, pending further proceedings pursuant to this Code section, unless the property is being held as evidence."

3. *The answer.* OCGA § 16-13-49 (o) (3) states: "An owner of or interest holder in the property may file an answer asserting a claim against the property in the action in rem. Any such answer shall be filed within 30 days after the service of the summons and complaint." When an answer is filed, a co-owner claiming innocence has a two-fold burden. "First, in order to establish standing to contest the forfeiture the co-owner has the burden of proving the nature and extent of his interest in the property. [Cits.] Second, the co-owner must prove by a preponderance of the evidence that he is entitled to the exception as defined by the statute. [Cits.]" (Footnote omitted.) *State of Ga. v. Jackson*, supra.

OCGA § 16-13-49 (o) (4) states that if at the expiration of this 30-day period no answer has been filed, "the court shall order the disposition of the seized property as provided for in this Code section." For this and other reasons, we have held that a party may not belatedly tender an answer under general rules of civil procedure. *State of Ga. v. Britt Caribe, Ltd.*, supra.

OCGA § 16-13-49 (o) (3) further provides, "In addition to complying with the general rules applicable to an answer in civil actions, the answer must set forth: (A) The caption of the proceedings as set forth in the complaint and the name of the claimant; (B) The address at which the claimant will accept mail; (C) The nature and extent of the claimant's interest in the property; . . . (E) The specific provision of this Code section relied on in asserting that the property is not subject to forfeiture; (F) All essential facts supporting each assertion; and (G) The precise relief sought."

Alford argues that these special pleading requirements must yield to the less stringent notice-pleading rules of the CPA since, under OCGA § 9-11-81, supra, the provisions of the CPA governing the sufficiency of pleadings shall apply to special statutory proceedings in any event, if there is a conflict. However, it has been held that, given the nature of condemnation proceedings, pleading requirements in addition to the minimal ones set forth in the CPA may be imposed. See *Dorsey v. Dept. of Transp.*, supra.

The drug forfeiture statute does not state the consequences when an answer does not contain all of the statutorily required information. Under the CPA, the State could file a motion for a more definite statement under OCGA § 9-11-12 (e) or a motion to strike the answer under OCGA § 9-11-12 (f). The property owner could also seek to amend the answer under OCGA § 9-11-15, although the State could argue that an amendment after the 30-day period for filing the answer should not be allowed.

4. *The hearing.* We held in *Hill v. State of Ga.*, 178 Ga. App. 563, 564 (1) (343 SE2d 776) (1986), that although the drug forfeiture statute did not expressly provide for a hearing at that time, a claimant who appeared within the time provided had to be given an opportunity to be heard.

OCGA § 16-13-49 (o) (5) now states, "If an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury."

In *Henderson v. State*, 205 Ga. App. 542 (422 SE2d 666) (1992), we reversed the trial court's denial of the defendants' motion to dismiss the condemnation proceeding because the hearing was not held within 60 days after service of the complaint, rejecting the State's argument that the 60-day time requirement was directory. We held that the legislature used the word "must" in OCGA § 16-13-49 (o) (5) to mandate a speedy resolution of in rem condemnation cases in both the public interest in a speedy resolution of the case and the private interest in a speedy resolution of property rights.

Since Alford filed an answer, it was obligatory on the State to either invoke a hearing within the 60-day period, avoid the necessity for the hearing by filing a timely motion to strike the defendant's answer, or obtain a continuance. None of these things was done. The trial court's denial of Sarah's motion to dismiss the State's complaint must be reversed under *Henderson v. State*, supra.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 19, 1993 —
RECONSIDERATION DENIED MAY 5, 1993

*Guy J. Notte*, for appellant.

*W. Fletcher Sams, District Attorney, Sharon J. Law, Assistant District Attorney, F. Maxwell Wood, Lance K. Hiltbrand*, for appellee.