A93A0492. ROBINSON v. STATE OF GEORGIA.
(433 SE2d 707)

ANDREWS, Judge.

This case involves the condemnation of property pursuant to OCGA § 16-13-49. On June 5, 1992, the State filed a complaint for forfeiture of certain property of Robinson’s which had been seized pursuant to a search warrant. The complaint was also served on Robinson on June 5. Robinson’s answer and motion to dismiss were filed on July 7, 1992. On August 4, 1992, the State filed a motion for a judgment of forfeiture, which the court granted after a hearing on September 23, 1992. From that judgment, Robinson appeals.

1. In his first enumeration of error, Robinson contends that the trial court erred when it granted the State’s motion for a judgment of forfeiture. Robinson argues that under OCGA § 16-13-49 (e), the date on which his answer was due fell on a weekend, and thus the answer was due on Monday, July 6, pursuant to OCGA § 9-11-6. He argues that the clerk’s office received the answer, but did not file it, on July 6. At the hearing, Robinson set forth this argument and presented a “print-out,” not included in the record here, which he claimed showed that his answer was delivered on July 6.

Even assuming that Robinson’s argument, if proven, had a bearing on the filing date, there is no evidence in the record to support

Robinson's contentions. His assertions that the answer was delivered on July 6 are not evidence of that fact. See *Duval v. Kidder*, 191 Ga. App. 856 (383 SE2d 356) (1989). Accordingly, Robinson's answer was not filed within the 30-day period mandated by OCGA § 16-13-49 (o) (4) and because of this, the trial court properly granted the motion for judgment of forfeiture.

2. In his second enumeration, Robinson contends that the trial court erred by failing to conduct a hearing on his motion to dismiss. He claims that even if his answer was untimely, his motion to dismiss was timely and should have been considered. Robinson argues that dismissal was proper since the complaint for forfeiture was filed June 5, which was more than 60 days after the April 3 seizure, which Robinson argues violates the provisions of OCGA § 16-13-49 (h) (3).

Both the State and Robinson rely on facts not contained in the record. The State claims that it filed a "notice of the seizure" on April 9, 1992; both parties agree that Robinson filed a claim to the property — the State asserts that his claim was filed on May 8, 1992.

OCGA § 16-13-49 (h) (2) provides that within 60 days "from the date of seizure, a complaint for forfeiture shall be initiated as provided for in subsection (n), (o), or (p) of this Code section." Subsection (h) (3) states that if the State fails to "initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within the time limits specified in paragraphs (1) and (2) of this subsection" the property must be released upon the owner's request.

The State claims that its complaint was timely under OCGA § 16-13-49 (n) (5). We agree. Subsection (n) (5) provides that "[i]f a claim [to the personal property under $25,000] is filed [after proper notice is given], the district attorney shall file a complaint for forfeiture as provided in subsection (o) [regarding in rem proceedings] or (p) [regarding in personam proceedings] of this Code section *within 30 days of the actual receipt of the claim*." The State argues that its complaint was filed 30 days from Robinson's May 8 claim and was timely, despite the fact that it was filed after the 60-day provision of subsection (h) expired.

The time provisions of subsection (n) operate independently of the 60-day requirement of OCGA § 16-13-49 (h) (2) and provide an alternative procedure for cases like the instant one which involves personal property with a value of $25,000 or less. If the provisions of subsection (n) are followed, the 60-day period outlined in (h) (2) may be extended. Compare *Alford v. State of Ga.*, 208 Ga. App. 595 (431 SE2d 393) (1993). Robinson does not argue that the State failed to comply with other provisions of subsection (n) and the State's filing of the complaint was timely.

We are mindful that under the predecessor to the current statute,

Code Ann. § 79A-828 (e), the State's failure to file the complaint within the 30-day period set forth therein prevented forfeiture. See *State v. Ellis*, 156 Ga. App. 779 (1) (275 SE2d 361) (1980); *State v. Luke*, 183 Ga. App. 182 (358 SE2d 272) (1987). Nonetheless, the previous statute did not contain the additional, alternative time provisions of subsection (n), which are at issue here.

In light of our presumption that the trial court's factual findings were proper, and given our interpretation of OCGA § 16-13-49 (n), there was no harmful error in the trial court's failure to entertain Robinson's motion to dismiss.

3. Finally, Robinson contends that the trial court erred when it granted the State's motion for judgment of forfeiture as to the contents of the passbook accounts. The majority of this argument involves Robinson's contention that the property actually seized was the passbooks, not the accounts themselves. For several reasons, this argument is without merit.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 13, 1993.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Patricia A. Buttaro*, for appellant.

*Joseph H. Briley, District Attorney, Gary C. McCorvey, Assistant District Attorney, Lance K. Hiltbrand, F. Maxwell Wood*, for appellee.