A93A2289. YODER et al. v. STATE OF GEORGIA.
(438 SE2d 689)

BLACKBURN, Judge.

This appeal arises out of a civil forfeiture action brought by the State pursuant to OCGA § 16-13-49 against $1,047. Appellants' sole enumeration of error is that the trial court erred in denying their motion to set aside the default judgment entered against them.

On August 23, 1992, an investigator with the Gwinnett County Police Department seized $1,047 from appellant Samual Yoder. Appellee filed an in rem petition for condemnation of the currency on October 26, 1992. Samual Yoder was served on October 30, 1992, and the action was properly published on November 5 and 12, 1992. No answer was filed to appellee's petition; therefore, after the expiration of the time for filing an answer, the trial court entered a default judgment in favor of appellee. On July 21, 1993, appellants filed their motion to set aside the judgment, alleging that the appellee's petition for condemnation contained a non-amendable defect. The trial court denied appellants' motion and this appeal followed.

OCGA § 16-13-49 (h) (2) provides that "[w]ithin 60 days from the date of seizure, a complaint for forfeiture shall be initiated as provided for in . . . this Code section." Subsection (h) (3) of the same Code section provides that "[i]f the state fails to initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within the time limits specified . . . , the property must be released *on the request of an owner or interest holder*, pending further proceedings pursuant to this Code section, unless the property is being held as evidence." (Emphasis supplied.) "All the words of the legislature, however numerous, ought to be preserved, and effect given to the whole, if it can be done. [Cits.]" *Undercofler v. Colonial Pipeline Co.*, 114 Ga. App. 739, 743 (152 SE2d 768) (1966). In the present case, the State admits that it did not file its complaint until 64 days after the seizure. However, it is also undisputed that no request for

the return of the property was made by its owner or interest holder. The in rem forfeiture action proceeded to a judgment. Thereafter, the trial court ruled that the property owner's only remedy was to request return of the property, *pending further proceedings*. However, as no request for the property was filed, the continuation of the in rem forfeiture action was proper.

This is a case of first impression interpreting OCGA § 16-13-49 (h) (1)-(3) as enacted by the Georgia legislature in 1991.[1] Ga. L. 1991, p. 886, § 1. Under prior law, the State was required to file an action in condemnation of the property seized within 30 days from notice of the seizure. Ga. L. 1982, p. 2325, § 2. The previous statute did not provide a remedy for the owner of the seized property in circumstances in which the State failed to file the condemnation action within the time allowed; therefore, a remedy for such a failure was fashioned by the appellate courts. See *State of Ga. v. Ellis*, 156 Ga. App. 779 (275 SE2d 361) (1980) (the trial court's grant of the defendant's motion for return of the seized property was proper where the State failed to file a libel for condemnation within the time allowed) and *State of Ga. v. Luke*, 183 Ga. App. 182 (358 SE2d 272) (1987) (the trial court's grant of summary judgment to the owner of the seized property was proper due to the State's failure to comply with the time requirement for filing the forfeiture action). It is presumed that the legislature enacted OCGA § 16-13-49 (h) (3) with full knowledge of the existing law. *Nat. Svc. Indus. v. Transamerica Ins. Co.*, 206 Ga. App. 337, 340 (425 SE2d 327) (1992); *Hadley v. Bd. of Trustees &c.*, 171 Ga. App. 614, 617 (320 SE2d 620) (1984). Nevertheless, under the present Code section, the legislature provided the remedy for the State's failure to timely file a forfeiture action against seized property, rather than leaving that issue open for the court's interpretation. Compare OCGA § 16-13-49 (h) (3) with OCGA § 16-13-49 (o) (5) (the legislature did not provide a remedy for the State's failure to comply with this Code section). See also *Henderson v. State of Ga.*, 205 Ga. App. 542 (422 SE2d 666) (1992) aff'd *State v. Henderson*, 263 Ga. 508 (436 SE2d 209) (1993) (interpreting OCGA § 16-13-49 (o) (5) and requiring dismissal of the forfeiture action for the State's failure to hold a hearing within 60 days of service of the complaint and the absence of a continuance for good cause). "From the addition of words it may be presumed that the legislature intended some change in the existing law. . . ." *Undercofler*, supra at 743.

The previous Code section was strictly construed by the courts; however, pursuant to the legislation, the present "Code section must

---

[1] In *Robinson v. State of Ga.*, 209 Ga. App. 446 (433 SE2d 707) (1993) we interpreted the effect of the provisions of OCGA § 16-13-49 (n) on the requirements contained in OCGA § 16-13-49 (h) (2).

be liberally construed to effectuate its remedial purposes." OCGA § 16-13-49 (z). Compare *Lang v. State of Ga.*, 168 Ga. App. 693, 695 (310 SE2d 276) (1983) with OCGA § 16-13-49 (z). The purpose of the Code section is "(1) the prompt disposition of property subject to forfeiture under the statute; and (2) the protection of property interests of innocent owners, as defined by the statute." (Citations and punctuation omitted.) *Alford v. State of Ga.*, 208 Ga. App. 595, 596 (431 SE2d 393) (1993). A property owner has the right to possess his property. Therefore, the remedy fashioned by the legislature in OCGA § 16-13-49 (h) (3) protects the property owner's right to possession where the State fails to promptly dispose of the property.

" 'Where the language of a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. (Cit.)' [Cit.]" *Nat. Svc. Indus.*, supra at 339. Accordingly, appellants sat on their rights by waiting until after a judgment was rendered in the State's in rem forfeiture action, i.e., the "further proceedings" contemplated in the statute. Had appellants requested a return of the property prior to the entry of judgment, the State would have been forced to dismiss its action in rem and file an in personam action. However, under the facts of this case, the appellants are precluded from asserting their claim to the property.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 2, 1993.

*Ronald J. Doeve*, for appellants.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.