A94A0303. STATE OF GEORGIA v. ADAMS et al.
(443 SE2d 517)

JOHNSON, Judge.

1. The State asserts that the trial court erred in dismissing its forfeiture action against a 1988 BMW 735i automobile owned by Gary and Cynthia Adams and lienholder, MS Financial Services. The State seized the vehicle in connection with alleged drug activity. Service of the complaint was perfected on the individual defendants on June 3, 1993, and they timely filed an answer. The State filed a motion for partial order of disposition (the Adams' interest in the vehicle) on

July 28 and obtained a rule nisi on the same date setting a hearing on motion for August 24. On August 17, more than 60 days after service of the complaint, the State filed a motion to strike the Adams' answer and for entry of a default judgment. Two days later, the Adamses filed a motion to dismiss the action because they were not granted a hearing within the 60-day time limit established by OCGA § 16-13-49 (o) (5). The trial court granted the motion.

The State relies on this court's decision in *Alford v. State of Ga.*, 208 Ga. App. 595 (431 SE2d 393) (1993) (cert. granted) arguing that its filing of a motion to strike the defendants' answer operated as a stay, tolling the 60-day hearing requirement. The court noted in dicta in the *Alford* decision: "Since Alford filed an answer, it was obligatory on the State to either invoke a hearing within the 60-day period, avoid the necessity for the hearing by filing a timely motion to strike the defendant's answer, or obtain a continuance." Id. at 598 (4). The State's presumption that this dicta establishes a new procedure for suspending the 60-day requirement of the statute is incorrect, particularly in light of the Supreme Court's interpretation of OCGA § 16-13-49 (o) (5) in *State v. Henderson*, 263 Ga. 508 (436 SE2d 209) (1993), which is unequivocal in its holding that the 60-day hearing requirement is mandatory and not directory. In *Henderson*, the Supreme Court notes that the statute provides only one method by which the 60-day requirement can be avoided, and that is by securing a continuance for good cause. Further, "it is the duty of the state to obtain a continuance if it does not invoke a hearing within the 60-day period or otherwise avoid the necessity of the hearing, e.g., by *obtaining* a dismissal of an answer." (Emphasis supplied.) Id. at 511, n. 7, not *seeking* a dismissal of an answer.

Even if, on certiorari, in *Alford* the Supreme Court decides that the *filing* of a motion to strike creates a second method for avoiding strict adherence to the 60-day rule, (a court granted continuance for good cause being the only exception contemplated by the statute) it should not apply in this case because here the State did not file its motion to strike the answer until more than 60 days after service of the complaint had been effected, and therefore the motion was not timely.

2. The State also asserts that the trial court erred in denying its motion for partial order of disposition. The State brought this motion pursuant to OCGA § 16-13-49 (o) (4): "If at the expiration of the period set forth in paragraph (3) of this subsection no answer has been filed, the court shall order the disposition of the seized property as provided for in this Code section." In this case it is undisputed that a pleading purporting to be an answer was filed. The State took issue with the adequacy of that answer, but resolution of this issue is accomplished in one of three ways. The State may file a motion for a

more definite statement pursuant to OCGA § 9-11-12 (e), file a motion to strike the answer pursuant to OCGA § 9-11-12 (f) or argue that an amendment of the answer pursuant to OCGA § 9-11-15 should not be allowed after the 30-day time limit for filing an answer pursuant to OCGA § 16-13-49 (o) (3). *Alford*, supra at 597 (3).

The relief afforded by OCGA § 16-13-49 (o) (4) is available in those cases in which "no answer has been filed." "Where the language of a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms." (Citations and punctuation omitted.) *Yoder v. State of Ga.*, 211 Ga. App. 226, 228 (438 SE2d 689) (1993). The trial court did not err in denying the State's motion for partial order of disposition of the property.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 30, 1994 —
RECONSIDERATION DENIED APRIL 13, 1994 — 

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney, Gary D. Bergman, Albert B. Collier*, for appellant.

*Dudley, Norton & Singleton, Ainsworth G. Dudley, Jr., James S. Plackis*, for appellees.