A94A0045. STATE OF GEORGIA v. PROFITT.
(444 SE2d 356)

POPE, Chief Judge.

This appeal involves the forfeiture of a 1987 Chevrolet Camaro worth less than $25,000. The car was seized on February 3, 1993, and the civil action complaint was filed on April 7, 1993, more than 60 days later. See OCGA § 16-13-49 (h) (2). However, the State provided Profitt with notice of the seizure, and when Profitt filed a claim to the seized property, the State filed its civil action complaint within 30 days. See OCGA § 16-13-49 (n). Ruling that strict compliance with the 60-day filing requirement of OCGA § 16-13-49 (h) (2) is required even if the procedures set forth in OCGA § 16-13-49 (n) are utilized, the trial court granted Profitt's motion for judgment on the pleadings.

The State contends the trial court erred in its ruling, and we agree. See *Robinson v. State*, 209 Ga. App. 446 (2) (433 SE2d 707) (1993). OCGA § 16-13-49 (h) (2) provides: "Within 60 days from the date of seizure, a complaint for forfeiture shall be initiated as provided for in subsection (n), (o), or (p) of this Code section." However, subsection (n) sets forth an alternative to immediately filing a civil complaint where the seized property is worth less than $25,000. In such a case, the State may simply provide notice of the seizure and wait for a claimant to file a claim. Then, if a claim to the seized property is filed within 30 days of the notice, the State must file a civil complaint within 30 days of actual receipt of the claim. OCGA § 16-13-49 (n) (5). In *Robinson*, we held that where the alternative procedures of OCGA § 16-13-49 (n) are utilized, the 60-day period set forth in OCGA § 16-13-49 (h) (2) "may be extended." 209 Ga. App. at 447. Or, as the State argues, another way to look at it is that requirement of OCGA § 16-13-49 (h) (2) that the complaint be "initiated as provided for in subsection (n) . . ." within 60 days is met when the

State initiates the process by fulfilling the requirements of OCGA § 16-13-49 (n) in an appropriate case. Either way you look at it, the exact issue presented in this case was decided in the State's favor in *Robinson*.[1] As there is no dispute that the State complied with the requirements of OCGA § 16-13-49 (n), the judgment below must be reversed.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 3, 1994 —
RECONSIDERATION DENIED MAY 24, 1994 — 

*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney*, for appellant.

*Cook, Noell, Tolley & Wiggins, Edward D. Tolley, Ronald E. Houser*, for appellee.

---

[1] Profitt argues that the issue in *Robinson* was whether the trial court erred in failing to conduct a hearing on the claimant's motion to dismiss and that the parties failed to fully brief the question of the interrelationship between OCGA §§ 16-13-49 (h) (2) and 16-13-49 (n). However, in concluding that any error in failing to hold a hearing on the motion to dismiss would have been harmless because the motion was without merit, we squarely held that a forfeiture complaint need not be dismissed where it was filed more than 60 days after the seizure but less than 30 days after the claimant filed his claim pursuant to OCGA § 16-13-49 (n).