S93G1303. STATE OF GEORGIA v. ALFORD et al.
(444 SE2d 76)

FLETCHER, Justice.

On November 18, 1991, the State filed an in rem complaint for forfeiture pursuant to OCGA § 16-13-49 seeking the forfeiture of certain property belonging to Rickey and Sarah Alford.[1] Sarah Alford was served with the summons and complaint on November 20, 1991, and filed a two paragraph response denying all allegations of the complaint except that portion describing the property sought to be forfeited. Subsequently, she amended her answer to include citations to

---

[1] Law enforcement officers conducted a legal search of the Alfords' mobile home on August 15, 1991, during which they seized 12.9 grams of cocaine, $150 in cash, and a handgun. In the State's Complaint for Forfeiture, the State sought the forfeiture of these seized items, the Alfords' mobile home, and the land on which it was located.

the "innocent owner" provisions of § 16-13-49 (e).[2]

On September 14, 1992, the State filed a motion to dismiss Sarah Alford's amended answer because it did not satisfy the special pleading requirements of § 16-13-49 (o) (3). At the hearing on the State's motion, Alford moved to dismiss the complaint because the State failed to hold a hearing on the issue of forfeiture within 60 days of the service of the complaint as required by § 16-13-49 (o) (5). The court granted the State's motion to dismiss Alford's amended answer as insufficient and denied her motion to dismiss the complaint. In *Alford v. State of Ga.*, 208 Ga. App. 595 (431 SE2d 393) (1993), the Court of Appeals reversed both the dismissal of Alford's amended answer and the denial of her motion to dismiss the complaint. We granted certiorari to determine whether the requirement in § 16-13-49 (o) (5) regarding the time for hearings in forfeiture proceedings is mandatory or directory.

1. Shortly after certiorari was granted in this action, this court decided *State v. Henderson*, 263 Ga. 508 (436 SE2d 209) (1993), in which we held that if an answer is filed the language of § 16-13-49 (o) (5) mandated a hearing within 60 days after service of the complaint unless the hearing is continued for good cause. We, therefore, affirm that portion of the Court of Appeals' opinion that is consistent with *Henderson.*

2. Unlike *Henderson*, however, we find it necessary in this action to address the additional issue of whether the running of the 60-day period is dependent upon the filing of *any* answer by a claimant or upon the filing of a "sufficient" answer.[3] The State contends that the trial court correctly denied Alford's motion to dismiss the complaint for failure to hold a timely hearing because Alford's amended answer is insufficient under § 16-13-49 (o) (3) to invoke the 60-day requirement. Alford argues that her amended answer is a pleading governed not by § 16-13-49 (o) (3) but by the Civil Practice Act and, therefore, is sufficient to commence the running of the 60-day period if it puts the State on notice of her claim. Accordingly, she takes the position, as did the Court of Appeals, that the State was required to hold a hearing within the 60 days, avoid the necessity for the hearing by filing a timely motion to strike the answer, or obtain a continuance. We hold the 60-day time period does not commence to run until the filing of a sufficient answer, as determined by the requirements of § 16-13-

---

[2] Mr. Alford pled guilty to criminal charges under the Georgia Controlled Substances Act and on September 8, 1992, filed a waiver of all right, title, and ownership in the property sought to be forfeited. Mrs. Alford was not indicted for any offense.

[3] It was unnecessary to address this issue in *Henderson* because the Court of Appeals had not done so in its opinion. Nevertheless, we specifically noted that "the 60-day requirement is conditioned on the filing of a timely and sufficient answer." *Henderson*, supra at 509, n. 2.

49 (o) (3), and reverse.

(a) It is well established that the legislature may impose pleading requirements in special statutory proceedings in addition to those found in the Civil Practice Act and in such cases, the sufficiency of a pleading must be judged in light of the specific statutory requirements. *Dorsey v. Dept. of Transp.*, 248 Ga. 34 (279 SE2d 707) (1981); *Bragg v. Bragg*, 225 Ga. 494, 495 (170 SE2d 29) (1969). OCGA § 16-13-49 (o) (3) requires that an answer stating a claim to property subject to forfeiture satisfy not only the general pleading rules applicable to all civil actions, but must also specifically set forth the following:

(A) The caption of the proceedings as set forth in the complaint and the name of the claimant;

(B) The address at which the claimant will accept mail;

(C) The nature and extent of the claimant's interest in the property;

(D) The date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property;

(E) The specific provision of [§ 16-13-49] relied on in asserting that the property is not subject to forfeiture;

(F) All essential facts supporting each assertion; and

(G) The precise relief sought.

Alford's amended answer is devoid of legal or factual allegations in support of her standing to assert a claim to the property and the nature and extent of her interest in the property and she merely cites to the innocent owner provision of § 16-13-49 without asserting facts in support of her alleged innocent ownership. Thus, her amended answer fails to comply with subsections (C), (D), and (F) of the specific pleading requirements of § 16-13-49 (o) (3).[4]

(b) Because Alford's amended answer is insufficient, we further hold that the court properly denied Alford's motion to dismiss the State's complaint as the 60-day requirement of § 16-13-49 (o) (5) is dependent upon the filing of an answer in strict compliance with the special pleading requirements of § 16-13-49 (o) (3). OCGA § 16-13-49 (o) (5) states, "[i]f an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury." Only when construed to require a claimant to file a legally sufficient answer is this provision consistent with the legislative intent in enacting § 16-13-49, to provide for the prompt disposition of property subject to forfeiture and protect the interests of innocent property owners, *State of Ga. v. Jackson*, 197 Ga. App. 619, 621 (1) (399 SE2d 88) (1990); see gener-

---

[4] Alford conceded at oral argument that her amended answer was insufficient under the specific pleading requirements of § 16-13-49 (o) (3).

ally *Hollowell v. Jove*, 247 Ga. 678 (279 SE2d 430) (1981) (when construing a statute the court first must ascertain the legislative intent and then construe the law to implement that intent). To hold otherwise would place upon the State the burden of conducting discovery to determine not only the claimant's standing and interest in the property but also that of any other interested party. This result would be contrary to the burden placed upon a claimant to make specific legal and factual assertions in support of and ultimately to prove these required elements of innocent ownership. See § 16-13-49 (o) (3); *Jackson*, 197 Ga. App. at 623.

3. Although ordinarily we would hold that the court properly dismissed Alford's amended answer as insufficient, under these circumstances such a result would be unfair. See *Lutz v. Foran*, 262 Ga. 819, 824 (427 SE2d 248) (1993). When Alford filed her answer and amended answer, neither this court nor the Court of Appeals had interpreted § 16-13-49 (o) (5) to require the filing of an answer in compliance with the strict pleading requirements of § 16-13-49 (o) (3). Accordingly, the judgment of the Court of Appeals is affirmed in part and reversed in part with direction that the case be remanded so that Alford may be granted a reasonable time in which to file a second amended answer in compliance with § 16-13-49 (o) (3).

*Judgment affirmed in part, reversed in part and remanded with direction. All the Justices concur, except Benham, P. J., and Sears-Collins, J., who concur specially.*

BENHAM, Presiding Justice, concurring specially.

While I am in full accord with the majority's conclusion that this case should be remanded in order that Ms. Alford may be afforded a reasonable time in which to file an amended answer, I respectfully disagree with the majority's determination in Division 2 that the 60-day period within which the State must hold a forfeiture hearing does not commence until the property owner has filed a "sufficient" answer. I believe the majority's decision is at odds with the intent of the General Assembly in passing the forfeiture statute, and renders meaningless the statute's provision concerning a property owner's right to file an answer to a petition for forfeiture.

The prompt disposition of property subject to forfeiture and the protection of the property interest of an innocent owner are the two legislative intentions that must be balanced under the forfeiture statute. *State of Ga. v. Jackson*, 197 Ga. App. 619 (1) (399 SE2d 88) (1990). The statute itself provides that it should be liberally construed to effectuate its remedial purpose. OCGA § 16-13-49 (z). See also *State v. Henderson*, 263 Ga. 508, 509, n. 3 (436 SE2d 209) (1993). In the case at bar, the majority has eschewed liberal construction of the statute and focused only on streamlining the forfeiture proceed-

ing, much to the detriment of the innocent property owner.

Mrs. Alford's husband pled guilty to criminal charges after law enforcement officers, armed with a search warrant, seized a handgun, cocaine, and $150 cash from the mobile home occupied by the Alfords. Ninety-five days after the seizure,[5] the district attorney filed a complaint for forfeiture of the seized personal property as well as the mobile home and the 8.66-acre tract on which it is located. Mrs. Alford answered, asserting that the real property and mobile home were not subject to forfeiture because she was an innocent property owner. See OCGA § 16-13-49 (e).[6] Nine months later, the State sought dismissal of Mrs. Alford's answer on the ground that it did not comply with OCGA § 16-13-49 (o) (3). No hearing on the complaint for forfeiture was ever held.

While recognizing that OCGA § 16-13-49 (o) (5) requires a hearing within 60 days after the service of the complaint if an answer is filed, the majority posits that an answer is not filed and thus the 60-day period does not commence, unless the document filed is "sufficient," i.e., the document comports with the requirements of § 16-13-49 (o) (3). Should an answer be judicially deemed insufficient, as was the case with Mrs. Alford's answer, the answer is dismissed. Majority opinion, p. 245. As a result, it is as if no answer was ever timely filed, and the trial court is authorized to order the disposal of the seized property without a hearing. OCGA § 16-13-49 (o) (4). The majority opinion opens the door to abuse — a property owner, having filed an answer, prepares for the hearing while the State, under no time constraint, seeks adjudication of the sufficiency of the answer. If the answer is deemed insufficient after the expiration of the 30-day period in which a property owner must file an answer, the property owner is without recourse to stop the trial court from disposing of the property as if no answer had been filed. The majority opinion forces a property owner to file an answer, file a motion seeking adjudication of the sufficiency of that answer, and seek an expedited ruling on the motion in order that she might amend her answer, if found insufficient, prior to the expiration of the 30-day period in which to file an answer. In the alternative, a property owner could protect herself by filing an answer and a sufficiency motion, and immediately seeking a continuance while awaiting a ruling on the sufficiency.[7] Such procedural maneu-

---

[5] But see OCGA § 16-13-49 (h) (2), which requires that a complaint for forfeiture be filed within 60 days from the date of seizure. If forfeiture proceedings are not timely initiated, "the property must be released on the request of an owner or interest holder. . . ." OCGA § 16-13-49 (h) (3).

[6] Mrs. Alford apparently owned the land and the mobile home prior to her marriage to Mr. Alford in 1984.

[7] By placing on a respondent/property owner the burden of inquiring when an answer is "sufficient," the majority has implicitly shifted that burden from where it normally rests, on

vering to safeguard property rights results in the frustration of the other goal of the forfeiture statute — speedy resolution of the disposition of property subject to forfeiture. It stands to reason that many property owners, including innocent owners, contesting the seizure of their property will lose their property without a hearing due to the majority's draconian statutory interpretation that requires dismissal of an answer eventually deemed insufficient.[8]

Recognizing the procedural dilemma property owners now face and the fact that the Civil Practice Act is applicable to forfeiture, the Court of Appeals has pointed out that the State is not without remedy when faced with what it believes is an inadequate answer: the State could file a motion for a more definite statement under OCGA § 9-11-12 (e), a motion to strike under § 9-11-12 (f), or argue that amendments filed after the expiration of the 30-day period for filing an answer should not be allowed. *Alford v. State of Ga.*, 208 Ga. App. 595, 597 (431 SE2d 393) (1993). See also *State of Ga. v. Adams*, 212 Ga. App. 881 (443 SE2d 517) (1994). In *Henderson v. State*, supra at 511, n. 7, this court recognized that *the State* had the burden of obtaining a dismissal of the answer *prior to the expiration of the 60-day hearing period*, or obtaining a continuance if it could not have a hearing within the 60-day period. The majority has now removed the burden from the State and placed it on the backs of property owners whose personalty and realty has been seized by the government.

I would suggest that, if the majority is going to interpret § 16-13-49 (o) (3) as it has, a fairer, more equitable interpretation of the forfeiture statute as a whole results if the majority would also hold that the filing of the answer tolls the running of the 30-day period in which to file an answer, should an attack on the sufficiency of the answer be launched by the State. That way, a property owner faced with a judicial determination of insufficiency would be able to amend her answer in a timely fashion, thereby avoiding judicial disposition of the property as if there were no answer. See OCGA § 16-13-49 (o) (4).

I am authorized to state that Justice Sears-Collins joins in this special concurrence.

DECIDED JUNE 6, 1994.

*Johnnie L. Caldwell, Jr., District Attorney, Lance K. Hiltbrand,*

---

the opposing party.

[8] In addition to wreaking havoc with the pleading process in a forfeiture case, the majority's incorporation within the statute of a requirement that an answer be "sufficient" adds another tier of scrutiny by a superior court bench already over-burdened.

*F. Maxwell Wood,* for appellant.
*Guy J. Notte, Cathy M. Alterman,* for appellees.