S94G1200. STATE OF GEORGIA v. ADAMS et al.
(452 SE2d 117)

Carley, Justice.

After a seizure of appellee-defendants' vehicle, appellant-plaintiff State of Georgia brought this forfeiture action. Appellee-defendants filed a timely answer and subsequently filed a motion to dismiss on the ground that they had not been granted a hearing within the 60-day time limit established by OCGA § 16-13-49 (o) (5). The trial court granted appellees' motion to dismiss and denied the State's motion for partial order of disposition. The Court of Appeals affirmed. *State of Ga. v. Adams,* 212 Ga. App. 881 (443 SE2d 517) (1994). This Court granted the State's petition for certiorari in order to determine whether this case is controlled by *State v. Alford,* 264 Ga. 243 (444 SE2d 76) (1994).

1. "[T]he 60-day time period does not commence to run until the filing of a sufficient answer, as determined by the requirements of [OCGA] § 16-13-49 (o) (3). . . ." *Alford,* supra at 244-245 (2). Appellees' answer failed to comply with the specific pleading requirements of OCGA § 16-13-49 (o) (3). Because appellees' answer was insufficient, the Court of Appeals erred in affirming the trial court's grant of appellees' motion to dismiss. *Alford,* supra at 245 (2) (b).

2. Although ordinarily we would further hold that the State's motion for partial order of disposition was erroneously denied, under these circumstances such a result would be unfair. When appellees filed their answer, neither this Court nor the Court of Appeals had interpreted OCGA § 16-13-49 (o) (5) to require the filing of an answer in compliance with the strict pleading requirements of OCGA § 16-13-49 (o) (3). Accordingly, the judgment of the Court of Appeals is affirmed in part and reversed in part with direction that the case be remanded so that appellees may be granted a reasonable time in which to amend their answer so as to bring it into compliance with OCGA § 16-13-49 (o) (3). *Alford,* supra at 246 (3).

*Judgment affirmed in part, reversed in part and remanded with direction. All the Justices concur; Benham, P. J., not participating.*

Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney, Gary D. Bergman, for appellant.

Dudley, Norton & Singleton, Ainsworth G. Dudley, James S. Plackis, for appellees.