A96A1142. KNODEL v. STATE OF GEORGIA.
(474 SE2d 700)

McMURRAY, Presiding Judge.

The State of Georgia served respondent-claimant Leonard Murphy Knodel with a "NOTICE OF SEIZURE OF PERSONAL PROPERTY VALUED AT LESS THAN $25,000," seeking to condemn cash, a revolver with holster, and a 1989 Ford Bronco. According to the notice of seizure, law enforcement officers discovered "one clear plastic bag containing an amount of white powdery substance," suspected of being cocaine, under the following circumstances. "On April 11, 1995 law enforcement officers were serving an arrest warrant on Eddie Rainey at 901 Dykes Road, Newborn, Jasper County, Georgia. While [the officers were] serving the arrest warrant, Leonard Murphy Knodel drove up in his 1989 Ford Bronco, a consent to search was granted by Mr. Knodel," and 2.6 grams of suspected cocaine was discovered in the vehicle. Respondent filed a verified claim of ownership, which the State moved to dismiss. According to the State's motion, claimant's response was procedurally deficient because it "fails to provide the legal and factual allegations required by [OCGA § 16-13-49 (n) (4)], subsection[s] (C), (D), [(E),] and (F), . . . as to [claimant's] standing, i.e., the nature and extent of his ownership of the property, the identity of the transferor, and the circumstances of his ownership." Within 30 days after the State's notice of forfeiture had been published for the second time, claimant amended his response, alleging that he is the "sole title holder of the 1989 Ford Bronco. He is the sole owner of the charter arms .38 special revolver and Smith & Wesson holster. He had the money in his brief case and the brief case belonged to him. . . . The truck was acquired by [claimant] Leonard Murphy Knodel from International Building Services, Inc. on approximately January 21, 1992. It was acquired as a means of transportation. . . . The charter arms .38 special revolver, blue finish with wood grip, Ser.#917801 and Smith & Wesson brown

leather holster was acquired by [claimant] Leonard Murphy Knodel on approximately October 30, 1991 from his father's estate. It was obtained as a remembrance of his father. . . . The $702.00 cash was received from the proceeds of two checks which include and [sic] insurance check from Nationwide Insurance and a payroll check from Allied International. The money was received to pay for food, shelter, and other ordinary expenses." Claimant specified that he was relying on four provisions of OCGA § 16-13-49 (e), including OCGA § 16-13-49 (e) (1), because "claimant was unaware of any cocaine in the vehicle and does not claim an interest in the cocaine which was in the vehicle or placed in the vehicle by whomever. The claimant is unaware of who the responsible party was for placing the cocaine in the vehicle." The State pursued its initial motion to dismiss and motion for judgment of forfeiture, without amendment.

At the hearing, it was undisputed that "this [forfeiture proceeding] was put on the hold order basically pending the outcome of the criminal trial, the criminal trial [was] heard by a jury and [claimant] was found not guilty." In support of its motion to dismiss Leonard Murphy Knodel's claim, the State argued that, in order to show all of the circumstances of claimant's acquisition of the vehicle, he must "show, 'I bought it from Central Auto Sales, the salesman was Joe Brookins, the purchase price was $16,000.00, and I paid $1,000.00 down, the remaining balance was financed through my credit Union, the Federal Credit Union, I made payments of $300.00 a month,' or whatever." As to the allegedly inherited pistol and holster, the State objected because claimant "didn't really give us the identity of his father, they didn't give a name, and they gave us the date as to a couple of these pieces of property, but as to that third and very important [statutory] phrase, 'all circumstances of their acquisition of the property' [claimant] simply ignored it." The State also argued that the claim was deficient under OCGA § 16-13-49 (n) (4) (F) because it failed to "plead all essential facts showing that the property is innocent, that — that it wasn't used to facilitate a transaction." The trial court concluded that the "purported Claim, as amended, filed in this case by or on behalf of Leonard Murphy Knodel is insufficient as a matter of law and does not meet the requirements set out in OCGA § 16-13-49 (n) (4)," and entered a judgment of forfeiture in favor of the State. This appeal followed. *Held*:

Claimant first contends the trial court erred in ruling that his claim was procedurally insufficient.

"OCGA § 16-13-49 (o) (3) requires that an answer stating a claim to property subject to forfeiture satisfy not only the general pleading rules applicable to all civil actions, but must also specifically set forth the following: . . . (C) The nature and extent of the claimant's interest in the property; (D) The date, identity of transferor, and circum-

stances of the claimant's acquisition of the interest in the property; (E) The specific provision of ([OCGA] § 16-13-49) relied on in asserting that the property is not subject to forfeiture; [and] (F) All essential facts supporting each assertion." *State of Ga. v. Alford*, 264 Ga. 243, 244 (2), 245 (2). (a) (444 SE2d 76). Identical pleading requirements are imposed upon owners and interest holders responding to a notice of seizure authorized by OCGA § 16-13-49 (n) (1). *State of Ga. v. Cannon*, 214 Ga. App. 897, 899 (449 SE2d 519).

The claim in the case sub judice asserts the nature and extent of claimant's interest (sole ownership); the date, identity of the transferor (International Building Services, Inc. and claimant's father's estate) and the circumstances of claimant's acquisition (e.g., transfer of the vehicle from International Building Services, Inc., inheritance of the revolver and holster, and cash as the proceeds of employment and insurance payments); and the specific provisions relied upon to establish that the property is not subject to forfeiture. We conclude that claimant's response alleged sufficient *facts* within claimant's personal knowledge, and not mere conclusory allegations, to establish a triable issue as to innocent ownership under OCGA § 16-13-49 (n) (4) (C), (D), and (E). Compare *Jackson v. State of Ga.*, 218 Ga. App. 437, 439 (461 SE2d 594), where that "claim merely cite[d] to the innocent owner provision of OCGA § 16-13-49 without asserting *facts* in support of his alleged innocent ownership. Thus [that] claim fail[ed] to comply with subsections (E) and (F) of the specific pleading requirements of OCGA § 16-13-49 (n) (4)." (Citations and punctuation omitted; emphasis in original.)

Nevertheless, the State urges that claimant's bare denial of wrongdoing is insufficient to create a triable issue, citing *Mitchell v. State of Ga.*, 217 Ga. App. 282 (457 SE2d 237). We find that case distinguishable in material respects. In *Mitchell*, that claimant "falsely stat[ed] that [a lien creditor] did not have a security interest in the vehicle, [and so] failed to state the extent of his own interest. He did not cite any provision of OCGA § 16-13-49 relied on in support of his assertion that the vehicle was not subject to forfeiture. His [bare] denial of the State's allegation that the vehicle was used to facilitate the sale of cocaine was not supported by any facts. In [those] particulars, his answer [was] deficient." *Mitchell v. State of Ga.*, 217 Ga. App. 282, supra. In the case sub judice, the claimant pleaded such facts denying personal knowledge as he could aver, without speculating as to other persons' actions. Moreover, those facts are necessarily *supplemented* by the undisputed circumstance that claimant has been put on his trial (presumably for possession of cocaine, and possibly for distribution of cocaine) and was acquitted by a jury. That is a sufficient allegation of material fact tending to show that the vehicle was not used to facilitate the distribution of cocaine

with claimant's knowledge or consent. But see OCGA § 16-13-49 (v). Accordingly, we vacate the trial court's judgment of forfeiture and dismissal of Leonard Murphy Knodel's claim and remand with direction that he be granted a reasonable time in which to *supplement* his response with the material fact of his acquittal (occurring after the time had passed for claimant to submit a timely response). See, e.g., *State of Ga. v. Adams*, 264 Ga. 842 (2) (452 SE2d 117); *State of Ga. v. Alford*, 264 Ga. 243, 246 (3), supra. Thereafter, the trial court shall conduct a hearing on the merits of claimant's response to the State's notice of seizure.

*Judgment vacated with direction. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 15, 1996.

*Terry N. Massey*, for appellant.
*Fredric D. Bright, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney, Lance K. Hiltbrand*, for appellee.