**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 5, 2014**

# In the Court of Appeals of Georgia

A14A0302. STATE OF GEORGIA v. ALONSO et al.

ANDREWS, Presiding Judge.

The State initiated administrative forfeiture proceedings under OCGA § 16-13-49 (n) against various personal property with a value of less than $25,000 owned by Jacqueline M. Alonzo and Brandy N. Espiritu. The trial court dismissed the State's complaint for forfeiture on the basis that the complaint was not timely filed, and the State appeals. For the following reasons, we find that the trial court erred by dismissing the complaint, and we reverse.

The State seized the property[1] on May 1, 2013, and, pursuant to the administrative procedures set forth in OCGA § 16-13-49 (n), notified owners and

---

[1] Alleging that the property was used to facilitate violation of the Georgia Controlled Substances Act, the State seized an automobile, currency and a currency counter, and various computer equipment.

interest holders that the property had been seized and was subject to forfeiture, and that they had the right to file a claim setting forth their interest in the property and relief sought. *Smith v. State of Ga.*, 301 Ga. App. 870-871 (690 SE2d 208) (2010); *State of Ga. v. Howell*, 288 Ga. App. 176, 177-178 (653 SE2d 330) (2007). After Alonzo and Espiritu filed timely claims on June 17, 2013, the State filed its complaint on July 10, 2013, seeking in rem forfeiture pursuant to OCGA § 16-13-49 (n) (5) and (o). The trial court dismissed the State's forfeiture complaint on the basis that the State failed to file the complaint within 60 days from the date of seizure as required by OCGA § 16-13-49 (h) (2).

> OCGA § 16-13-49 (h) (2) provides: 'Within 60 days from the date of seizure, a complaint for forfeiture shall be initiated as provided for in subsection (n), (o), or (p) of this Code section.' However, subsection (n) sets forth an alternative to immediately filing a civil complaint where the seized property is worth less than $25,000. In such a case, the State may simply provide notice of the seizure and wait for a claimant to file a claim. Then, if a claim to the seized property is filed within 30 days of the notice [as set forth in subsection (n)], the State must file a civil complaint within 30 days of actual receipt of the claim. OCGA § 16-13-49 (n) (5).

*State of Ga. v. Profitt*, 213 Ga. App. 270 (444 SE2d 356) (1994); *Robinson v. State of Ga.*, 209 Ga. App. 446, 447 (433 SE2d 707) (1993). The State's complaint filed pursuant to the administrative procedures set forth in OCGA § 16-13-49 (n) seeking

2

forfeiture of seized property valued at less than $25,000 was timely filed within 30 days of receipt of the claims made by Alonzo and Espiritu.

*Judgment reversed. McFadden and Ray, JJ., concur.*