A94A1502. STATE OF GEORGIA v. CANNON et al.
(449 SE2d 519)

BEASLEY, Presiding Judge.

The pivotal question in this forfeiture case is whether the document filed by the claimant is sufficient for the purpose of meeting the 30-day requirement for the filing of claims in subsection (n) of OCGA § 16-13-49, the criminal forfeiture statute.

The State seized $405 and a car, both of which were in the possession of claimant when he was arrested for, among other things, possession of cocaine with intent to distribute. OCGA § 16-13-30.

The State proceeded to effect forfeiture by the procedure specified in OCGA § 16-13-49 (n). Notice was posted on October 12, 1993, and duly published.

A document titled "Notice of Ownership Claim of Seized Property" was sent by certified mail to the seizing law enforcement agency and to the district attorney on October 26. Although it was captioned in the superior court, it was not filed there. The State did not file a complaint for forfeiture, which is required within 30 days of the actual receipt of a claim. OCGA § 16-13-49 (n) (5). Instead, more than 30 days after it received the purported claim document, the State moved to strike the document which had been received, as insufficient for failure to comport with the requirements of subsection (n) (4). Viewing the document as invalid to constitute a claim, the State sought judgment of forfeiture and the right to dispose of the property, as provided in subsection (n) (6).

After the hearing on the motion was set and continued, the claimant filed a motion for judgment. He took the position that his claim was valid, so that the State's failure to file a complaint within 30 days of receiving it terminated the condemnation procedure and entitled him to return of the property, pursuant to *State v. Henderson*, 263 Ga. 508 (436 SE2d 209) (1993). Thereafter, and just two days prior to the hearing set for the State's motion, claimant filed with the court an "Amended Notice of Ownership Claim of Seized Property," with service on the district attorney but not on the seizing law enforcement agency. The court granted the claimant's motion for judgment after concluding that the document originally sent was sufficient to trigger the State's obligation to file a complaint for forfeiture within 30 days, which it had not done.

The purported claim document was patently deficient in that it did not fulfill the requirements of OCGA § 16-13-49 (n) (4). It was not signed by the owner or interest holder under penalty of perjury as the legislature provided "must" be done, but only by claimant's attorney. It did not provide any of the information which the legislature provided "must be set forth." It merely stated that Stanley Cannon claimed "ownership" in the two items of property and identified them as having been seized on a certain date at a certain location by a certain police officer. This did not meet the plain mandate of the legislature, which was particularized so as to assure some degree of legitimacy to the claim and to elicit supportive factual information so as to expedite the proceeding; it simply did not serve the purposes for which it is designed.

Analogous to the procedure in subsection (o), which figured in the case of *State v. Henderson*, supra, the requirement on the State "is conditioned on the filing of a timely and sufficient [claim]." Id. at 509, fn. 2. "[T]he plain meaning of 'must' is a command, synonymous

with 'shall.' " Id. at 510. As in *State of Ga. v. Alford*, 264 Ga. 243 (2) (444 SE2d 76) (1994), so here: the insufficient claim put no burden on the State to take the next procedural step required when a claim is filed. In that case, the answer to the complaint filed under subsection (o) (3) was required to contain the same information and verification as that required for the claim under subsection (n) (4). The rationale applied in that case cannot be distinguished. The failure of the purported claim rendered it ineffective as a trigger to require the district attorney to file a complaint under OCGA § 16-13-49 (n) (5) in response to it.

To the extent that *State of Ga. v. Adams*, 212 Ga. App. 881, 882 (2) (443 SE2d 517) (1994), is inconsistent with this opinion, it is overruled. We note that *Adams* had relied on *Alford v. State of Ga.*, 208 Ga. App. 595 (431 SE2d 393) (1993), which was reversed in part by the Supreme Court as cited above.

The question of whether the claim could be amended under the Civil Practice Act, OCGA § 9-11-15, is not before us, because the trial court faulted the State for not filing a complaint after receipt of the deficient and defective claim, not after the amended claim.

*Judgment reversed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Andrews, Johnson, Blackburn, Smith and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 26, 1994 —
RECONSIDERATION DENIED OCTOBER 20, 1994.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney,* for appellant.
*Timothy T. Herring,* for appellees.