A95A0833. MITCHELL v. STATE OF GEORGIA.
(457 SE2d 237)

BEASLEY, Chief Judge.

The State sought forfeiture of a pickup truck under OCGA § 16-13-49, naming Mitchell and E-Z Pay Used Cars, Inc., as owners and/or interest holders. The complaint alleged that this vehicle is contraband in that law enforcement officers purchased cocaine from Mitchell in Greene County on March 9, 1994, and that he was utilizing the vehicle to facilitate the sale or distribution of the cocaine.

In response, E-Z claimed that it held a first lien security interest and was an innocent holder of the title.

Mitchell answered, stating that he was the registered owner and denying that E-Z had an interest in it at that time. He also denied that the vehicle was used as alleged.

The State moved for judgment of forfeiture and disposition of property, on grounds that the purported answers were insufficient under OCGA § 16-13-49 (o). E-Z was permitted to withdraw by agreement of the parties, upon Mitchell's payment to it of the principal amount of his debt and upon its satisfaction of the security interest and delivery of title into the court registry. The court later ordered judgment of forfeiture and disposition, finding under the authority of *State v. Alford*, 264 Ga. 243 (444 SE2d 76) (1994), that Mitchell's answer is insufficient as a matter of law as it fails to meet the requirements of OCGA § 16-13-49 (o) (3). That section requires the claimant to provide certain factual and legal information in his answer: (C), "[t]he nature and extent of the claimant's interest in the property"; . . . (E), "[t]he specific provision of (OCGA § 16-13-49) relied on in asserting that the property is not subject to forfeiture"; (F), "[a]ll essential facts supporting each assertion." *Alford*, supra, 264 Ga. at 245.

By falsely stating that E-Z did not have a security interest in the vehicle, Mitchell's answer failed to state the extent of his own interest. He did not cite any provision of OCGA § 16-13-49 relied on in support of his assertion that the vehicle was not subject to forfeiture. His denial of the State's allegation that the vehicle was used to facilitate the sale of cocaine was not supported by any facts. In these particulars, his answer is deficient.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 12, 1995.

*H. Samuel Atkins, Jr.*, for appellant.
*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney, Lance K. Hiltbrand*, for appellee.