A95A1723. JACKSON v. STATE OF GEORGIA.
(461 SE2d 594)

McMURRAY, Presiding Judge.

After the State of Georgia (the "State") filed a "Notice of Seizure of Personal Property," namely, a 1988 Chevrolet Caprice automobile, an RG .38 revolver, and a cellular telephone, Thomas Jackson, Jr. ("claimant") filed a verified claim to the vehicle, alleging that he is the owner and that the vehicle "is not contraband within the defini-

tions set forth in O.C.G.A. Section 16-13-49, nor is it [subject] to seizure under any other provision of law, including, and further, said vehicle was not used incident to the sale of any controlled substance." The State responded with a "Motion for Judgment of Forfeiture and Disposition of Property Pursuant to OCGA § 16-13-49," reciting that, during a lawful search of the vehicle driven by claimant, the police discovered "in excess of three (3) grams of 'crack' cocaine." This cocaine was not hidden in the vehicle claimant was driving but was found on his person, "in his pocket." The State's basis for claiming the 1988 Chevrolet Caprice (along with its contents) was subject to forfeiture is the allegation that claimant "was using [the car] to transport the cocaine." In its motion, the State contended that claimant's written claim "fails to assert 'facts in support of (his) alleged innocent ownership' . . ." of the vehicle. As a consequence, the State urged that the claim was deficient and insufficient in that it failed to meet the strict pleading requirements of OCGA § 16-13-49 (n) (4), and should be dismissed. After a hearing, the trial court agreed that "the purported Claim filed in this case by Thomas Jackson, Jr., is insufficient as a matter of law and does not meet the requirements set out in OCGA § 16-13-49 (n) (4). *State v. Alford*, 264 Ga. 243 (1994); *State v. Cannon*, 214 Ga. App. 897 (1994)." Consequently, the trial court granted a judgment of forfeiture in favor of the State. This direct appeal followed. *Held*:

In his sole enumeration of error, claimant contends the trial court erred in concluding that his written claim was insufficient to meet the requirements of OCGA § 16-13-49 (n) (4). The sum and substance of his entire argument is that the authority cited by the trial court "does not clearly demonstrate what will be required to achieve compliance with O.C.G.A. § 16-13-49 (n) (4), particularly with regard to subsections E and F thereof." This contention is without merit.

"Under OCGA § 16-13-49 (d) (2), property that is used in any manner to facilitate a violation of the Georgia Controlled Substances Act, or any proceeds derived therefrom, is contraband, and no person shall have a property right to it." *Manley v. State of Ga.*, 217 Ga. App. 556, 557 (3), 558 (458 SE2d 179). In the case sub judice, the State's allegation that the 1988 Chevrolet Caprice was used to transport the three grams of crack cocaine that Thomas Jackson, Jr. had on his person while driving the car made out a prima facie case for civil forfeiture of the vehicle as contraband. The onus was then on claimant to establish both his standing to contest the forfeiture and his entitlement to a statutory exception. *State of Ga. v. Banks*, 215 Ga. App. 828, 831 (2), 832 (452 SE2d 533). When, on March 6, 1995, claimant filed his claim in response to the State's notice of seizure, the Court of Appeals of Georgia had already held that a claimant's pleadings under OCGA § 16-13-49 (n) (4) were "[a]nalogous to the

procedure in [OCGA § 16-13-49] subsection (o)." *State of Ga. v. Cannon*, 214 Ga. App. 897, 898 (449 SE2d 519). There, the whole court further held that the rationale applied in *State of Ga. v. Alford*, 264 Ga. 243, 244 (2) (444 SE2d 76) to the in rem forfeiture procedures mandated by OCGA § 16-13-49 (o) (3) cannot be distinguished from the procedures mandated by OCGA § 16-13-49 (n) (4), because each requires "the same information and verification. . . ." *State of Ga. v. Cannon*, 214 Ga. App. 897, 899, supra. Accordingly, when an interest holder is responding to a notice of seizure authorized by OCGA § 16-13-49 (n) (1), "a claim to property subject to forfeiture [must] satisfy not only the general pleading rules applicable to all civil actions, but must also specifically set forth [with particularity the elements enumerated at OCGA § 16-13-49 (n) (4)]." *State of Ga. v. Alford*, 264 Ga. 243, 244 (2), 245 (2) (a), supra. Accord *State of Ga. v. Cannon*, 214 Ga. App. 897, 898, supra.

Through OCGA § 16-13-49 (n) (4) (E), the legislature has required claimants to set forth "[t]he specific provision of [OCGA § 16-13-49] relied on in asserting that the property is not subject to forfeiture." OCGA § 16-13-49 (n) (4) (F) mandates that the claimant set forth "[a]ll essential facts supporting each assertion." In the case sub judice, when claimant's submission is pruned of its conclusory allegations, the claim "merely cites to the innocent owner provision of OCGA § 16-13-49 without asserting *facts* in support of [his] alleged innocent ownership. Thus, [this claim] fails to comply with subsections [(E)] and (F) of the specific pleading requirements of OCGA § 16-13-49 [(n) (4)]." (Emphasis supplied.) *State of Ga. v. Alford*, 264 Ga. 243, 244 (2), 245 (2) (a), supra. Since, in the case sub judice, no *sufficient* claim was filed within 30 days after the second publication of the State's subsection (n) (1) notice of forfeiture, "all right, title, and interest in the property [became] forfeited to the [S]tate. . . ." OCGA § 16-13-49 (n) (6). See also *Mitchell v. State of Ga.*, 217 Ga. App. 282 (457 SE2d 237).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 1, 1995.

*Martin L. Fierman*, for appellant.
*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Paul L. Groth, Assistant District Attorneys, Lance K. Hiltbrand*, for appellee.