A95A2047. GREENE v. STATE OF GEORGIA.
(469 SE2d 428)

McMurray, Presiding Judge.

The State followed procedures prescribed by OCGA § 16-13-49 (n) seeking forfeiture of $11,635 in United States currency that was seized by law enforcement officers during a traffic stop on February 5, 1995. After filing a claim for the money, the driver of the car, Bryan D. Greene, admitted at the forfeiture hearing that "the response [he] filed was not an adequate response [under OCGA § 16-13-49 (n) (4)]." Thereafter, the trial court entered an order of forfeiture based on the finding that "[n]o answer has been filed by any party claiming an interest in the named property within thirty (30) days of service of Notice of Seizure . . . in accordance with O.C.G.A. § 16-13-49 (n) (3)." This appeal followed. *Held*:

In support of his sole enumeration, Greene does not challenge the trial court's adjudication of forfeiture based on the lack of a timely answer. He, instead, challenges the sufficiency of the evidence regarding the State of Georgia's notice and claim that the money was subject to forfeiture because it was seized as proceeds derived from a violation under Georgia's Controlled Substances Act.

The trial court's authority to consider Greene's claim to the seized money depended entirely upon a properly filed answer to the State of Georgia's notice of forfeiture. *State of Ga. v. Cannon*, 214 Ga. App. 897, 899 (449 SE2d 519). Greene, however, admitted that his answer was deficient under OCGA § 16-13-49 (n). The trial court, therefore, could not reach Greene's claims regarding the sufficiency of the evidence and did not err in entering an order forfeiting the money that was seized from Greene's car.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 21, 1996.

*Moser, Folsom, Gilbert & Baker, William R. Folsom*, for appellant.

*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney*, for appellee.