A96A0185. WILLIAMS v. STATE OF GEORGIA.

(474 SE2d 98)

BEASLEY, Chief Judge.

A vehicle used by Rodney Bernard Gude to transport crack cocaine was seized by law enforcement officers pursuant to OCGA § 16-13-49 (g). Thereafter, Gude's girl friend, Pamela Williams, filed a claim to the vehicle alleging to be the owner. In response, the State filed an in rem complaint for forfeiture under OCGA § 16-13-49 (o) alleging that Gude was the true owner of the vehicle; that the vehicle was titled in Williams' name for the purpose of disguising Gude's ownership of the vehicle; that Gude had been observed to have had exclusive use of the vehicle in the past; and that Williams was a mere nominee or strawperson.

Williams answered but the trial court granted the State's motion for judgment of forfeiture and disposition of property on the ground that Williams' answer failed to satisfy the pleading requirements of OCGA § 16-13-49 (o) (3). Williams appeals.

"It is well established that the legislature may impose pleading requirements in special statutory proceedings in addition to those found in the Civil Practice Act and in such cases, the sufficiency of a pleading must be judged in light of the specific statutory requirements." *State of Ga. v. Alford,* 264 Ga. 243, 245 (2) (a) (444 SE2d 76) (1994).

OCGA § 16-13-49 (o) (3) (D), (E), and (F) provide that an answer

asserting a claim to property subject to forfeiture must set forth, inter alia, the "circumstances of the claimant's acquisition of the interest in the property[,] . . . [t]he specific provision of this Code section relied on in asserting that the property is not subject to forfeiture . . . [and] [a]ll essential facts supporting each assertion."

Claimant Williams' verified answer, which incorporates copies of her certificate of title to the subject car and the tag registration, "set[s] forth" the items required by OCGA § 16-13-49 (o) (3) concerning her relationship to the car and to Rodney Gude's alleged crime. Considering her answer in its entirety, she asserts that she purchased the used 1984 four-door Deville Cadillac on January 29, 1994, from Dixie Auto Sales in Decatur, Georgia, that seller had a first lien or security interest, that she was solely responsible for payment of the purchase loan, that the lien or security interest of seller Dixie Auto Sales had been released on March 2, 1995, that there were currently no other interest holders besides herself, that Gude had driven her vehicle in the past, and that the vehicle is used by her for personal transportation.

Although the State contends Williams did not specifically aver that she purchased the car, the registration shows her as the owner, Dixie Auto Sales as both the lienholder and "the party from whom purchased" on January 29, 1994, Pamela Williams as "the purchaser whose name appears above," and what is apparently her signature attesting that this information is correct on penalty of fine or imprisonment. To deny her a hearing because she incorporated documents showing this but did not repeat elsewhere in her answer that she purchased the car from Dixie Auto Sales on that date would elevate form over substance to an intolerable degree.

Williams' eight-page answer is a far cry from the two-paragraph response which was held to be insufficient in *Alford*, supra. That answer, which Alford conceded at oral argument was insufficient under OCGA § 16-13-49 (o) (3), merely denied all allegations of the State's complaint except the description of the property (cocaine, cash, handgun, mobile home, and its land) and, by amendment, included citations to the "innocent owner" provisions of OCGA § 16-13-49 (e). Williams' answer, on the other hand, provided all the information required by subsection (o) (3) to be in the pleading.

The State faults Williams for providing no details in her answer as to the circumstances of her acquisition of the car. But the statute does not require that, and the statute must be strictly construed, not judicially amplified. *Lang v. State of Ga.*, 168 Ga. App. 693, 695 (4) (310 SE2d 276) (1983). Besides, Williams gave the date of her purchase, the name of the dealership from which she bought the car, and the information that the car was financed by the seller. If such details are contemplated by subsection (o) (3) (F), she provided them.

The statute does not suggest that she must state and swear that she earned the money to pay for the car by way of labor or investment or got the funds from a relative or some other benefactor. Nor does it require that documentary proof of purchase be included with or in the answer. That may be aired at the hearing, but this is merely the pleading stage.

Part of the intent of the legislature in enacting the very detailed and precise scheme in OCGA § 16-13-49 is "to protect the interests of innocent property owners." *Alford,* supra at 245. The pleading requirement must be construed to implement that intent. *Hollowell v. Jove,* 247 Ga. 678, 681 (279 SE2d 430) (1981). True, there is another judicially discerned legislative intent, i.e., to provide for the prompt disposition of contraband property. See *Alford,* supra at 245, and cases cited thereat. But the desire for speed is not a higher value than that of protecting the rights of innocent property owners. See *State of Ga. v. Jackson,* 197 Ga. App. 619, 620-621 (1) (399 SE2d 88) (1990). That includes a hearing soon after a sufficient answer is filed by the party who wishes return of the property from the custody of the State. OCGA § 16-13-49 (o) (5).

The State also argues that Williams failed to point to any provision of the statute which she relies on in asserting that the car was not subject to forfeiture (subsection (o) (3) (E)). But she expressly and under oath claims each of the negative facts required to establish herself as an innocent owner under subsection (e). In other words, she is not asserting that any other procedural or substantive impediment forecloses forfeiture, such as that, for example, the complaint is deficient (subsection (o) (1)), or the action was brought in the wrong county (subsection (c)), or the property was seized without probable cause (subsection (g) (2)). Of course, she must, as the statute states, "establish" these facts by proof at the hearing, but the case is merely at the pleading stage.

Unlike the unsigned and uninformative conclusory claim in *State of Ga. v. Cannon,* 214 Ga. App. 897, 898 (449 SE2d 519) (1994), or the partially false and deficient answer in *Mitchell v. State of Ga.,* 217 Ga. App. 282 (457 SE2d 237) (1995), or the conclusory claim in *Jackson v. State of Ga.,* 218 Ga. App. 437, 439 (461 SE2d 594) (1995), Williams' answer sufficiently met the mandate of the statute "so as to assure some degree of legitimacy to the claim and to [provide] supportive factual information so as to expedite the proceeding." *Cannon,* supra at 898.

The judgment of forfeiture is reversed and the case remanded for a hearing within 60 days after receipt of the remittitur. See OCGA § 16-13-49 (o) (5).

*Judgment reversed. Pope, P. J., Andrews, Johnson and Ruffin, JJ., concur. McMurray, P. J., Birdsong, P. J., Blackburn and Smith,*

*JJ., dissent.*

BLACKBURN, Judge, dissenting.

I respectfully dissent from the majority opinion, as I believe that Williams failed to sufficiently comply with the pleading requirements of OCGA § 16-13-49 (o) (3). OCGA § 16-13-49 (o) (3) (D), (E) and (F) provide that an answer asserting a claim to property subject to forfeiture *must* set forth, inter alia, the "circumstances of the claimant's acquisition of the interest in the property; . . . [t]he specific provision of this Code section relied on in asserting that the property is not subject to forfeiture; . . . [and] [a]*ll essential facts supporting each assertion.*" (Emphasis supplied.) The issue before us is not whether Williams' answer sufficiently alleged that she is the "legal" title holder, as the State concedes this fact in its complaint. The issue is whether her answer sufficiently alleges facts supporting her position that she is not a mere nominee or strawperson with regard to her ownership interest in the vehicle, as alleged in the State's complaint.

The majority opinion erroneously states that "[Williams] asserts that *she purchased* the used 1984 four-door Deville Cadillac on January 29, 1994 from Dixie Auto Sales in Decatur, Georgia." (Emphasis supplied.)

To the contrary, Williams' answer artfully avoids addressing who purchased the vehicle and who actually paid for same as required by law. Williams simply alleged that she was the owner of the vehicle, that Rodney Bernard Gude has no interest in the vehicle (par. 6), that she was solely responsible for payment of the purchase money loan, and that she "acquired her interest" in the vehicle prior to the subject criminal act.

Williams attached to her answer, but did not incorporate therein, a copy of the tag registration showing the vehicle was placed in her name, and a certificate of title dated March 19, 1994, showing her as the owner and Dixie Auto Sales as the first lienholder. The lien was satisfied on March 2, 1995.

Williams does not allege that she actually paid for the vehicle with personal funds or that no funds therefor were provided by Rodney Bernard Gude. Neither did she attach the most significant documents related to such issues, i.e., the sales contract, the note, if any, copies of cancelled checks or receipts showing payment.

The fact that a vehicle is placed in her name on the title (as alleged by the State) does not establish the circumstances of the claimant's acquisition and all essential facts supporting Williams' claim, as required by law. Title may be placed in the name of anyone at the direction of the purchasing individual and would be in the case of a nominee.

In *State v. Jackson*, 197 Ga. App. 619, 623, n. 1 (399 SE2d 88)

(1990) this Court stated "[w]e take note that in addressing the issue of standing it may be appropriate in some circumstances for courts to look beyond a bare allegation of legal title to determine whether the formal holder of title is nothing more than a "strawman" designed to conceal the illegal affairs of others. People engaged in illegal activities often attempt to disguise their interests in property by placing title in someone else's name. The criminal's need to hide his ownership of property is especially acute when the property itself is used in the illegal activity. In such cases, proof of base legal title may not be sufficient to establish standing." (Citations omitted.)

OCGA § 16-13-49 (o) (3) (D), (E) and (F) was drafted to deal with this type of situation and that is why it specifically requires that one asserting a claim for such property allege the *"circumstances of the claimant's acquisition* of the interest in the property . . . [and] [a]ll essential *facts supporting each assertion."* (Emphasis supplied.)

Simply denying the State's allegations and citing applicable Code sections, without asserting all essential facts supporting each assertion, is not sufficient to satisfy the pleading requirements of OCGA § 16-13-49 (o) (3). See *State v. Alford,* 264 Ga. 243, 245 (444 SE2d 76) (1994); see also *Jackson v. State,* 218 Ga. App. 437, 439 (461 SE2d 594) (1995). Proof of legal title is not sufficient to establish standing in the instant case because the title holder is accused of being a mere nominee or strawperson. *State v. Jackson,* supra.

The fact that Williams actually purchased the vehicle with her own funds and the means by which Williams obtained the funds to do so were essential facts supporting her claim of innocent ownership. As such, Williams' answer failed to comply with OCGA § 16-13-49 (o) (3) (D), (E) and (F). This failure frustrated the mandate of the statute which was particularized "so as to assure some degree of legitimacy to the claim and to *elicit supportive factual information so as to expedite the proceeding."* (Emphasis supplied.) *State v. Cannon,* 214 Ga. App. 897, 898 (449 SE2d 519) (1994).

Although the majority argues that this information does not need to be addressed at the pleading stage, this argument is not supported by the express statutory language of OCGA § 16-13-49 (o) (3) or the caselaw. "It is well established that the legislature may impose pleading requirements in special statutory proceedings in addition to those found in the Civil Practice Act and in such cases, the sufficiency of a pleading must be judged in light of the specific statutory requirements." *Alford,* supra. Thus, under the facts of this case, the trial court properly found that Williams' answer was deficient.

Based on the foregoing, I would affirm the trial court's ruling. I am authorized to state that Presiding Judge McMurray, Presiding Judge Birdsong and Judge Smith join in this dissent.

·DECIDED JUNE 27, 1996 —
RECONSIDERATION DENIED JULY 12, 1996.

*J. Ellis Millsaps*, for appellant.
*Fredric D. Bright, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney, Lance K. Hiltbrand*, for appellee.