A96A0656. HARRIS v. STATE OF GEORGIA.
(474 SE2d 201)

POPE, Presiding Judge.

The pivotal question in this forfeiture case is whether the document filed by Ronnie Harris is sufficient to constitute a claim under OCGA § 16-13-49 (n) (4). See *State of Ga. v. Cannon*, 214 Ga. App. 897 (449 SE2d 519) (1994).

Law enforcement officers executed a search warrant on April 13, 1995, at the residence of Ronnie and Sharon Harris, arrested the Harrises, and charged them with possession of cocaine with intent to distribute. During the search, the officers seized various property in rem, including a savings passbook ($2,112.83).[1] The State proceeded to effect forfeiture by the procedure specified in OCGA § 16-13-49 (n). Harris was served with the notice of forfeiture, and the notice was then posted and duly published.

Within 30 days, Harris filed a document entitled "Claim in Response to Notice of Seizure," which purported to be a claim to the defendant property in rem under OCGA § 16-13-49 (n) (3).[2] The State filed a motion for judgment of forfeiture and disposition of property, claiming that Harris' claim was insufficient under the specific pleading requirements of subsection (n) (4). The court granted the motion, finding that the claim Harris had filed was insufficient and deficient under OCGA § 16-13-49 (n) (4), and was equivalent to no claim being filed. In so finding, the court specified that the claim failed to set out the nature and extent of Harris' interest in the property; that it failed to set out the date, identity of transferor, and circumstances of his acquisition of the property interest; that it failed to specify the Code provisions relied on in asserting that the property was not subject to forfeiture; that it failed to set out "all essential facts supporting each assertion that the property was not subject to forfeiture"; and that it failed to assert facts to support the denial that the prop-

---

[1] The contents of the savings account were the only property addressed in the court's order and the only property discussed by the parties here; accordingly, we limit our review to consideration of that account.

[2] Harris' wife also filed and served upon the District Attorney a pleading which purported to be a claim to the defendant property in rem. On June 16, the court determined that the pleading Sharon Harris filed was insufficient and deficient under OCGA § 16-13-49 (n) (4) and that the judgment of forfeiture as to her alleged interest in the property was granted to the State. Because Ronnie Harris is the sole appellant here and the order appealed is that regarding the sufficiency of *his* claim, we will not address the propriety of the order regarding Sharon Harris.

erty was used to facilitate a violation of the Georgia Controlled Substances Act.

Here, Harris claims that the trial court's grant of the State's motion was erroneous and that his claim complied with the statute. We agree and reverse the trial court's order.

Harris' signed claim stated that the money in the savings account was accumulated from three sources: an inheritance Harris received as a result of his father's death on October 13, 1994; a life insurance benefit in the amount of $350 he received because of his father's death; and winnings of $2,200 he won in the Georgia Lottery during February 1995 at the Jet Food Store in Eatonton. Harris then denied that the money was contraband under OCGA § 16-13-49 (d) (2), denied that it was subject to seizure, and denied that the funds were involved in facilitating any transaction regarding controlled substances. He then stated that the funds were not in close proximity to any property which was subject to forfeiture and were not subject to seizure pursuant to OCGA § 16-13-49 (d) (6).

"It is well established that the legislature may impose pleading requirements in a special statutory proceedings in addition to those found in the Civil Practice Act and in such cases, the sufficiency of a pleading must be judged in light of the specific statutory requirements." *State v. Alford*, 264 Ga. 243 (444 SE2d 76) (1994). Although compliance with the strict pleading requirements is mandated, see *Jarrett v. State of Ga.*, 220 Ga. App. 559 (472 SE2d 315) (1996), these requirements must be interpreted reasonably.

In addition to requiring that the claim be signed, that it set forth the caption of the proceedings, the claimant's address and the relief sought, OCGA § 16-13-49 (n) (4) requires that the claim set forth: "(C) The nature and extent of the claimant's interest in the property; (D) The date, identity of the transferor, and circumstances of the claimant's acquisition of the interest in the property; (E) The specific provision of this Code section relied on in asserting that the property is not subject to forfeiture; (F) All essential facts supporting each assertion."

We conclude that Harris' claim adequately set forth each of these elements. Unlike *State v. Alford*, 264 Ga. 243; *Jackson v. State of Ga.*, 218 Ga. App. 437 (461 SE2d 594) (1995); *Mitchell v. State*, 217 Ga. App. 282 (457 SE2d 237) (1995); and *State of Ga. v. Cannon*, 214 Ga. App. 897, Harris' claim did not simply set forth conclusory allegations that the contested money was his. See *Williams v. State of Ga.*, 222 Ga. App. 270 (474 SE2d 98) (1996). Instead, in accordance with subsection (D), Harris outlined the dates of acquisition of the money, the source of the money and the circumstances regarding his acquisition, albeit broadly. He also complied with the requirements of subsections (E) and (F). Although the better practice would have been to

include more details concerning the funds (the name of the insurance company, the amount of money received from each source, and a more precise accounting of the remaining funds), Harris' failure to do so does not render the claim "insufficient" or "deficient" as a matter of law.

This result comports with the legislative intent behind this statute. In *State of Ga. v. Cannon*, 214 Ga. App. at 898, this Court recognized that the required particularity was the legislature's attempt "to assure some degree of legitimacy to the claim and to elicit supportive factual information so as to expedite the proceeding." Id. Nevertheless, the statute's attempt to assure legitimacy can only go so far. The dissent's focus on the source of the money with which Harris bought the lottery tickets expands the requirements of the statute beyond reasonable interpretation. Here, Harris' claim met the requirements and concerns of the statute, and the court improperly granted the State's motion.

*Judgment reversed. Beasley, C. J., Andrews, Johnson and Ruffin, JJ., concur. McMurray, P. J., Birdsong, P. J., Blackburn and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent. I do not believe the issues may be as simply addressed as by the majority's general, conclusory statement that Harris "complied with the requirements of subsections (E) and (F)" of OCGA § 16-13-49 (n) (4). Harris's failure to "include more details concerning the funds" was not simply a matter of poor practice; such a failure was fatal to his claim. One claiming interest in property in response to the State's notice of seizure *must* "specifically set forth *with particularity* the elements enumerated at OCGA § 16-13-49 (n) (4)." (Citations and punctuation omitted; emphasis supplied.) *Jackson v. State of Ga.*, 218 Ga. App. 437, 439 (461 SE2d 594) (1995).

Harris failed to set forth his claim with the requisite particularity demanded by OCGA § 16-13-49 (n) (4) in several respects. For example, he described his acquisition of the funds in the account in general terms, without detailing "[a]ll essential facts supporting each assertion." OCGA § 16-13-49 (n) (4) (F). Notably, he did not account for the source of the money with which he bought winning lottery tickets. This fact was essential in light of the allegation in the record, which the majority does not mention, that the lottery winnings resulted from Harris's purchase of lottery tickets with proceeds from the sale of drugs. If indeed the lottery tickets were purchased with proceeds from an illegal transaction, the fund, or at least a portion of it, would be contraband under OCGA § 16-13-49 (d) (2), which provides that "any proceeds derived or realized" from a violation of the Georgia Controlled Substances Act are contraband. The source of

funds used to purchase the lottery tickets was a fact peculiarly within Harris's knowledge, a fact he conveniently failed to mention in his claim.

Harris's failure to comply strictly with OCGA § 16-13-49 (n) (4) violated the "plain mandate" of that statute: "to assure some degree of legitimacy to the claim and to elicit supportive factual information so as to expedite the proceeding." *State of Ga. v. Cannon*, 214 Ga. App. 897, 898 (449 SE2d 519) (1994). The "facts" appearing in the claim were insufficient to "expedite the proceeding," and the trial court did not err in entering the judgment of forfeiture.

I am authorized to state that Presiding Judge McMurray, Presiding Judge Birdsong and Judge Blackburn join in this dissent.

DECIDED JUNE 28, 1996.

*Martin L. Fierman*, for appellant.

*Fredric D. Bright, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney, Lance K. Hiltbrand*, for appellee.