## A96A2169. HOWARD v. STATE OF GEORGIA.
### (477 SE2d 605)

ELDRIDGE, Judge.

The State filed a complaint for forfeiture of $3,910 in currency on February 14, 1996. Appellant, Gary Howard, was personally served on March 19, 1996. The appellant filed an answer on April 12, 1996. On April 23, 1996, the State filed a motion to strike appellant's answer and claim. A civil forfeiture hearing was held on May 9, 1996, for which no transcript exists. On May 10, 1996, an order was entered by the trial court holding: "On May 9, 1996, the [c]ourt granted the [S]tate's motion to strike [c]laimant Gary Howard's answer and claim because they were legally insufficient in as much as no date, identity of transferor, or circumstances of acquisition were enumerated . . ." and entered an order forfeiting the money to the State.

Appellant alleges that "the trial court erred in holding that appellant's answer and claim were legally insufficient on the grounds that no date, identity of transferor, or circumstances were enumerated, when in fact the claim conformed to the statute to the best of claimant's ability, the only lack of particularized specificity being that the claimant 'lawfully obtained' the currency in his possession (a fungible property) when he had in fact accumulated it lawfully from various sources." In addition, appellant claims that his "answer should have been deemed sufficient for this stage in the proceedings."

In the case sub judice, appellee, in paragraph 6 of the complaint for forfeiture, alleges that the property in question was contraband and forfeited to the State pursuant to the provisions of OCGA § 16-13-49 "in that said property was used or intended for use in any manner to facilitate a drug transaction." This made out a prima facie case for civil forfeiture of the cash as contraband. "The onus was then on [the] claimant to establish both his standing to contest the forfeiture and his entitlement to a statutory exception. [Cit.]" Jackson v. State of Ga., 218 Ga. App. 437, 438 (461 SE2d 594) (1995).

"It is well established that the legislature may impose pleading requirements in special statutory proceedings in addition to those found in the Civil Practice Act and in such cases, the sufficiency of a pleading must be judged in light of the specific statutory requirements. [Cits.]" (Punctuation omitted.) Jarrett v. State of Ga., 220 Ga. App. 559, 560 (472 SE2d 315) (1996). OCGA § 16-13-49 (o) (3)

requires that an answer stating a claim to property subject to forfeiture satisfy not only the general pleading rules applicable to all civil actions, but also specifically set forth the specific pleading requirements prescribed therein. *State of Ga. v. Alford*, 264 Ga. 243 (444 SE2d 76) (1994).

In the case sub judice, appellant, in response to the prescribed requirement of OCGA § 16-13-49 (o) (3) (D), stated "[t]he date, identity of the transferor and circumstances of the claimant's acquisition in the property is that the money was lawfully obtained." While appellant's answer and claim runs through a boilerplate recitation of OCGA § 16-13-49 (o) (3), it does not fulfill the requirements of OCGA § 16-13-49 (o) (3) (D) and is devoid of factual allegations to support such requirements. To merely allege that the money was "lawfully obtained" does not, under any stretch of the imagination, set forth the date, identity of the transferor, and circumstances of the claimant's acquisition of the interest in the property.[1] Appellant's pleading, as set forth, is merely a legal conclusion and not a statement of fact as is required when there is a need for specific pleading. This Code section requires appellant to state with factual specificity the date he acquired the property, or if a date certain cannot be given, the time frame within which he acquired the property, where he obtained the property, and the circumstances of the acquisition of his interest in the property.

In 1991, the General Assembly enacted an act that amended Article 2 of Chapter 13 of Title 16, of the Official Code of Georgia Annotated, known as the "Georgia Controlled Substances Act," by striking OCGA § 16-13-49 and inserting in lieu thereof new Code section 16-13-49. The caption of such act is lengthy, but within the caption it sets forth that the act is "to provide for seizure and disposition of property, *rights therein,* and proceeds derived therefrom; . . . to provide that certain rented or leased vehicles are not subject to forfeiture; . . . to provide that certain property taken or detained is not subject to replevin, conveyance, sequestration, or attachment; . . . [and] to provide for claims, hearings, and *the determination of rights and interests in property.* . . ." (Emphasis supplied.) Ga. L. 1991, pp.

---

[1] This case is distinguishable from *Harris v. State of Ga.*, 222 Ga. App. 267 (474 SE2d 201) (1996), and *Williams v. State of Ga.*, 222 Ga. App. 270 (474 SE2d 98) (1996). In *Harris,* supra, the claim stated that the money subject to forfeiture was accumulated from three sources: an inheritance Harris received as a result of his father's death on October 13, 1994; a life insurance benefit in the amount of $350 he received because of his father's death; and winnings of $2,200 he won in the Georgia Lottery during February 1995 at the Jet Food Store in Eatonton. In *Williams,* supra, the claim incorporated copies of Williams' certificate of title to the subject car and the tag registration, which set forth the items required by OCGA § 16-13-49 (o) (3). Clearly, the showing made by both Harris and Williams contained a statement of fact as is required when there is a need for specific pleading, while in the case sub judice, appellant only asserts a mere legal conclusion which is totally devoid of facts.

886-887. Such language in the caption of the act shows the importance that the General Assembly placed on determining whether there are any legitimate claims of any innocent owner of, or interest holder in, the property subject to forfeiture. To require any person making a claim on the property subject to forfeiture to plead their claim with factual and legal specificity is consistent with such caption.

The intent of the General Assembly when it enacted OCGA § 16-13-49 was twofold: to protect the interest of innocent property owners and to provide for prompt disposition of contraband property. *State of Ga. v. Alford*, supra. This Court has held that the innocent owner of, or interest holder in, the property subject to forfeiture must file a "legally sufficient" answer and claim that meets the requirements of OCGA § 16-13-49 (o) (3), and that the requirements of such Code section are consistent with the legislative intent. *State of Ga. v. Alford*, supra at 245. If there is to be prompt distribution of contraband property, discovery must be shortened. By requiring a claimant to set forth his claim with legal and factual specificity, the State does not have to conduct extensive, time-consuming discovery to determine what type of claim a claimant may possibly have and can limit its discovery to matters which contravene the claimant's claim.

While appellant does not have to prove his case in his answer, he does have to include sufficient information and facts to meet the mandates of OCGA § 16-13-49 (o) (3). Such special pleading requirement of OCGA § 16-13-49 (o) (3) is consistent with OCGA § 9-11-9, which sets out matters that must be pleaded with specificity, and it is not unfair or an undue burden on the claimant. "[F]ailure to comply with the strict pleading requirements prescribed by OCGA § 16-13-49 (o) (3) when answering an in rem forfeiture petition is equivalent to filing no answer at all. [Cit.]" *Jarrett v. State of Ga.*, supra at 560; *State of Ga. v. Alford*, supra.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 10, 1996 —
RECONSIDERATION DENIED OCTOBER 24, 1996.

*James W. Smith*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.