## A96A1141. DENNIS et al. v. STATE OF GEORGIA.
(479 SE2d 380)

BLACKBURN, Judge.

Appellants contend that the trial court erroneously permitted forfeiture of their various interests in real and personal property pursuant to OCGA § 16-13-49 based on the insufficiency of their answer to the State's forfeiture complaint.

Law enforcement officers arrested Alex Dennis after drugs and drug paraphernalia were found at his home. Subsequently, pursuant to OCGA § 16-13-49, the State brought an in rem action for forfeiture of, among other things, two parcels of real property, a doublewide mobile home, several vehicles, farm equipment, household furnishings, guns, and cash. The State's complaint named Alex Dennis as the sole owner of the seized property. The State alleged that the property subject to forfeiture was "used, intended for use, or available for use to facilitate the sale and/or distribution of marijuana and cocaine in violation of the Georgia Controlled Substances Act or resulted from proceeds derived or realized therefrom, or were maintained by funds either realized therefrom or commingled with other funds realized therefrom." See OCGA § 16-13-49 (d).

A timely, verified answer was filed by Alex Dennis, Sr., the party who had been arrested; his wife, Bessie Shoats; and his son, Alex Dennis, Jr.[1] In their answer, the claimants specifically identified what property each claimed and asserted that they were all innocent owners pursuant to OCGA § 16-13-49 (e). The trial court granted the State's motion to permit the forfeiture, determining that the claimants' answer was insufficient because it failed to comply with the specific pleading requirements outlined in OCGA § 16-13-49 (o) (3). Specifically, the trial court determined that the claimants' answer failed to provide the factual information required to support the claimants' assertion of innocent ownership. This appeal ensued.

1. It is well established that the sufficiency of an answer to a forfeiture petition must be "judged in light of the specific statutory requirements." *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (a) (444 SE2d 76) (1994). The statute expressly requires an answer to a forfeiture proceeding to contain certain factual information. OCGA § 16-13-49 (o) (3) (D) expressly requires an answer to include: (1) the date on which the property was obtained; (2) the identity of its transferor; and (3) the circumstances as to how the claimant acquired his interest in the property. OCGA § 16-13-49 (o) (3) (F) requires an answer to set forth "[a]ll essential facts" supporting a claimant's position that the property in question is not subject to forfeiture.

---

[1] Frances Simmons made a claim to approximately $3,000 listed in the forfeiture complaint, but she has abandoned her claim on appeal.

With regard to the two parcels of real property seized by the State, Alex Dennis, Jr., claimed an interest in one and Alex Dennis, Sr., claimed an interest in the other. In its complaint, the State provided a detailed description of the parcels including where they were located and their recent history of ownership. The description included the names of each parcel's immediate former owner and the dates the respective deeds were executed to the claimants. In their answer, Alex Dennis, Jr., and Alex Dennis, Sr., claimed that they were the sole owners of the two parcels; conditionally admitted that the State's description of the two parcels was correct;[2] and stated that they purchased their parcels with money earned from their employment. Because it contained information to support the Dennises' claim of innocent ownership — the dates the elder Dennis and his son obtained their respective parcels, the names of the parties from whom they obtained their parcels, and general information as to how both were financially able to obtain the land — the answer, with regard to the two parcels, was sufficient. See *Williams v. State of Ga.*, 222 Ga. App. 270 (474 SE2d 98) (1996). In light of the above, the decision of the trial court is reversed, and both Alex Dennis, Jr., and Alex Dennis, Sr., are entitled to a prompt hearing concerning their interests in their respective parcels of real property. OCGA § 16-13-49 (o) (5).

2. In addition to the parcel of property belonging to the elder Dennis, the State sought forfeiture of "all improvements, buildings, structures, fixtures, furnishings and appurtenances situated thereon and any and all contents therein." In her answer, Bessie Shoats claimed to be the sole owner of certain household furnishings found within that parcel. Specifically, she made claim to "two lamps, dining room suite with six chairs, china cabinet and china, living room chair, loveseat, lounge chair, three end tables, coffee table, bedroom suite consisting of one bed, dresser, chest of drawers, two nightstands, all bathroom accessories, pots and pans, utensils, silverware, dishes, small appliances, curtains, what-nots, and one chest freezer." She then swore that this property was purchased "with funds received as wages by virtue of her employment." Shoats also claimed ownership in $57.05 worth of coinage found upon the property, stating that it had been "accumulated over a period of years." The State asserts that Shoats' answer was insufficient because she failed to comply with the requirements of OCGA § 16-13-49 (o) (3).

With regard to the furnishings, Shoats' answer did fail to indicate when she acquired the items or the identity of their respective

---

[2] The answer provides in pertinent part: "[a]ssuming that plaintiff has copied the property description correctly, claimants admit that portion of paragraph number one wherein the real property is described."

transferors. While OCGA § 16-13-49 (o) (3) (D) generally requires an answer to contain this information, we do not find that it is required under the specific circumstances of this case. The items described by Shoats are the type usually found in a home. We assume from the fact that the State did not specifically identify any of these items in its petition, that it did not find them to be of unusual origin or possessing any significant value. Household furnishings and effects such as those claimed by Shoats are generally accumulated over a long period of time, and it is not customary for owners to have detailed recollection or records regarding the purchase or ownership of such items. Accordingly, it casts an extraordinary hardship on an owner to supply such information in an answer to a forfeiture petition.

While we are mindful of the State's argument that the pleading requirements in a forfeiture action are strict, they are not meant to be impossible. The legislative intent in enacting the forfeiture statute is not only to provide for the prompt disposition of seized property but also to "protect the interests of innocent property owners." *Alford*, supra at 245 (2) (b). "The pleading requirement must be construed to implement that intent. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981)." *Williams*, supra at 272. To construe OCGA § 16-13-49 (o) (3) to require a claimant whose entire complement of household furnishings has been seized to state the date he or she acquired each item and from whom it was acquired, simply in order to obtain an evidentiary hearing on whether forfeiture of that item is mandated, would fail to protect the interests of innocent property owners. In fact, its effect in many cases would be to eliminate such interests altogether by creating an insurmountable obstacle for innocent owners at the pleading stage. Accordingly, we find Shoats' answer with regard to her household furnishings to be sufficient such that she is entitled to an evidentiary hearing to substantiate her claim of innocent ownership.

Based on this same reasoning, we find Shoats' answer regarding her claim to $57.05 to be sufficient. Considering the insignificant amount of money she claims and the manner in which Shoats asserts that it was accumulated, we find her answer to be as comprehensive as the circumstances would permit. Therefore, she should receive an evidentiary hearing where her claim to the coinage may be fully investigated.

3. The claimants' answer as it pertains to the remaining items listed in the State's complaint — including but not limited to a doublewide mobile home, several automobiles, farm equipment, and guns — is insufficient. The claimants generally stated that they obtained these items with wages earned from their employment without providing any other information as to when or where the items were acquired. Alex Dennis, Sr., was somewhat more specific

when outlining his interest in numerous automobiles, asserting that he had an "ongoing car repair business" and that the vehicles were abandoned by their owners after they left them with the elder Dennis to repair. However, he made no effort to identify the former owners of these automobiles or even approximate the dates when the vehicles were abandoned.

Unlike the furnishings and coinage discussed in Division 2 above, owners generally have specific recollection or records regarding their acquisition and/or ownership of the items in question. Accordingly, the pleading requirements of OCGA § 16-13-49 (o) (3) (D) do not create an impossible or unreasonable burden upon an innocent owner answering a forfeiture action. Accordingly, the trial court did not err in dismissing the claimants' answer as it pertained to items other than those described in Divisions 1 and 2.

4. Claimants contend that the answer requirements of OCGA § 16-13-49 violate due process. This issue was not properly raised or preserved for appellate review. Claimants did not raise this argument in their answer, and their counsel merely mentioned the due process claim to the trial court during the course of a hearing. Claimants did not seek a ruling on their due process claim, and none was made. Accordingly, this enumeration is without merit. *Parker v. State*, 220 Ga. App. 303, 310 (7) (469 SE2d 410) (1996) (issues must be raised in and ruled upon by the trial court in order to be preserved for appellate review).

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 13, 1996 —
RECONSIDERATION DENIED DECEMBER 12, 1996.

*Donald W. Rogers*, for appellants.
*Fredric D. Bright*, District Attorney, *Alberto C. Martinez, Jr.*, Assistant District Attorney, *Lance K. Hiltbrand*, for appellee.