A96A2389. TUGGLE v. STATE OF GEORGIA.
(480 SE2d 353)

POPE, Presiding Judge.

On August 7, 1995, Officer J. J. Davis of the DeKalb County Police Department pulled over a Buick LeSabre for traffic violations. After the driver of the vehicle was arrested, the police officer approached the two passengers sitting in the vehicle and asked to see their driver's licenses or other identification. Cedric Tuggle, the passenger in the front seat, jumped out of the vehicle and attempted to flee the scene. A chase ensued, and Tuggle was caught, taken into custody, and searched. A bag was found in his crotch area containing $995 in currency and 26 grams of crack cocaine.

The State filed a notice of seizure of the currency and of a cellular phone found on Tuggle's body pursuant to OCGA § 16-13-49 (n), and Tuggle filed a verified claim of ownership.[1] The State then filed a complaint for forfeiture, and Tuggle filed his verified answer in which he asserted that he was the sole owner of the seized property, claiming that the currency "represents money saved by the Claimant from numerous jobs that he has held." Tuggle also filed a motion to dismiss the State's notice of seizure and complaint for forfeiture as well as a motion to suppress all tangible evidence seized during his arrest.

The State filed a motion for judgment of forfeiture and disposition of property, asserting that Tuggle's answer did not satisfy the specific pleading requirements of OCGA § 16-13-49. Following argument and a non-jury hearing on the motions during which Tuggle failed to present any evidence whatsoever, the trial court denied both of Tuggle's motions and granted the State's complaint for forfeiture. Tuggle appeals, raising two enumerations of error.

1. In its order, the trial court first determined that the State was entitled to a judgment of forfeiture because Tuggle had failed to establish standing to contest the forfeiture. Specifically, the trial court found Tuggle had failed to establish: (1) that he was the owner or interest holder of the currency as required under the forfeiture statute; and, (2) his entitlement to a statutory exception as set forth in OCGA § 16-13-49.

"OCGA § 16-13-49 (o) (3) requires that an answer stating a claim to property subject to forfeiture satisfy not only the general pleading rules applicable to all civil actions, but must also specifically set forth the following: . . . (C) The nature and extent of the claimant's interest in the property; (D) The date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property; (E) The specific provision of [OCGA (§ 16-13-49)] relied on in asserting that the property is not subject to forfeiture; (F) All essential facts supporting each assertion. . . ." (Indentations and punctuation omitted.) *State of Ga. v. Alford*, 264 Ga. 243, 244-245 (2) (a) (444 SE2d 76) (1994). "Identical pleading requirements are imposed upon owners and interest holders responding to a notice of seizure authorized by OCGA § 16-13-49 (n) (1). [Cit.]" *Knodel v. State of Ga.*, 222 Ga. App. 514, 515-516 (474 SE2d 700) (1996).

We agree with the trial court that Tuggle's answer fails to state with the required particularity each of the elements required by OCGA § 16-13-49 (n) (4). First, the answer is deficient in that it does

---

[1] The currency was the only property addressed in the trial court's order and the only property discussed by the parties in this appeal. Accordingly, we limit our review to the consideration of the currency alone.

not adequately specify the "date, identity of the transferor, and circumstances of [Tuggle's] acquisition of interest in the property" as required by subsection (D). The answer, which states only that the currency represented "money saved from numerous jobs," fails to provide details about any of Tuggle's alleged jobs such as the name of his employers, the dates he worked, the nature of his duties, or any other similar information that would "assure some degree of legitimacy to the claim and to elicit supportive factual information so as to expedite the proceeding." *State of Ga. v. Cannon*, 214 Ga. App. 897, 898 (449 SE2d 519) (1994). See also *Howard v. State of Ga.*, 223 Ga. App. 323 (477 SE2d 605) (1996); *Jackson v. State of Ga.*, 218 Ga. App. 437 (461 SE2d 594) (1995). Compare *Harris v. State*, 222 Ga. App. 267 (474 SE2d 201) (1996) where the claimant's answer specified the dates he acquired the money, the source of the money, and the circumstances regarding his acquisition.

We also agree with the trial court that Tuggle's answer does not comply with the requirements of subsections (E) and (F) of OCGA § 16-13-49 (n) (4) because it fails to recite any facts to support his assertions that the seized property was not subject to forfeiture pursuant to the innocent ownership provisions of OCGA § 16-13-49. "In the case sub judice, when [Tuggle's] submission is pruned of its conclusory allegations, the [answer] 'merely cites to the innocent owner provision of OCGA § 16-13-49 without asserting *facts* in support of his alleged innocent ownership. Thus, [this answer] fails to comply with subsections (E) and (F) of the specific pleading requirements of OCGA § 16-13-49 (n) (4).' [Cit.]" (Punctuation omitted.) *Jackson v. State of Ga.*, 218 Ga. App. at 438.

"[F]ailure to comply with the strict pleading requirements prescribed in OCGA § 16-13-49 [(n) (4)] when answering an in rem forfeiture petition is equivalent to filing no answer at all. [Cit.]" *Jarrett v. State of Ga.*, 220 Ga. App. 559, 560 (1) (472 SE2d 315) (1996). Accordingly, the trial court correctly determined that Tuggle had failed to establish standing to contest the forfeiture, and the trial court's grant of a judgment of forfeiture in favor of the State was proper. *State of Ga. v. Alford*, 264 Ga. at 245. See also *Lockett v. State of Ga.*, 218 Ga. App. 289 (460 SE2d 857) (1995); *Mitchell v. State of Ga.*, 217 Ga. App. 282 (457 SE2d 237) (1995).

2. Based upon our holding in Division 1, we need not consider the trial court's other grounds for granting a judgment of forfeiture, nor need we consider Tuggle's second enumeration of error regarding the admissibility of certain evidence at trial.

3. Although this Court has held that a claimant in a civil forfeiture action may challenge the legality of an underlying search when the validity of the search has not been previously adjudicated in a criminal action (*Pitts v. State*, 207 Ga. App. 606 (428 SE2d 650)

(1993)), we find that the trial court in this instance did not have jurisdiction to consider the merits of Tuggle's motion to suppress because of Tuggle's failure to file a legally sufficient claim or answer in the civil forfeiture proceeding. Accordingly, we vacate only that portion of the trial court's order that addresses Tuggle's motion to suppress on the merits with direction that the motion to suppress be dismissed without prejudice to Tuggle's rights to refile the motion on a timely basis in any criminal proceeding brought as a result of this arrest. See generally *Quinn v. State*, 221 Ga. App. 399, 400-401 (2) (471 SE2d 337) (1996).

*Judgment affirmed in part and vacated in part with direction.* *Andrews, C. J., and Smith, J., concur.*

DECIDED JANUARY 24, 1997 — 

*Stephen T. Maples*, for appellant.

*J. Tom Morgan, District Attorney, Carol M. Kayser, Assistant District Attorney*, for appellee.