## A97A0049. FRANCIS et al. v. STATE OF GEORGIA.
### (483 SE2d 643)

SMITH, Judge.

In this forfeiture case, Excelman Francis and Sylvia Samuel appeal from the trial court's rulings dismissing their claims to seized property and granting judgment of forfeiture.

Officers from the Tri-Cities Narcotics Task Force were notified by customs officials that a package containing cocaine was shipped from the U. S. Virgin Islands to the address at which Francis and Samuel resided. The officers obtained a search warrant and made a controlled delivery of the package. Francis accepted the package and was arrested. A search of the apartment produced 8.6 grams of marijuana in addition to the 424.5 grams of cocaine in the package. The officers also seized $5,198 in U. S. currency, a 1986 BMW registered in Florida, a black counterfeit money detector, and a .25 caliber semi-automatic pistol.

The State filed a notice of seizure pursuant to OCGA § 16-13-49 (n) within 60 days of the seizure, and Francis and Samuel timely filed claims.[1] The State then filed a complaint for forfeiture, which Francis and Samuel answered. Francis and Samuel filed motions to suppress and for summary judgment, and the State moved to dismiss appellants' claims as insufficient and for judgment of forfeiture. The trial court granted the State's motion to dismiss the claims and granted judgment of forfeiture.

1. Francis contends the court erred in dismissing his claim. "It is well established that the legislature may impose pleading requirements in special statutory proceedings in addition to those found in the Civil Practice Act and in such cases, the sufficiency of a pleading must be judged in light of the specific statutory requirements. [Cits.]" *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (a) (444 SE2d 76) (1994). Compliance with the strict statutory requirements is necessary. *Jarrett v. State of Ga.*, 220 Ga. App. 559, 560-561 (1) (472 SE2d 315) (1996). Forfeitures are such special statutory proceedings. OCGA § 16-13-49 (n) provides a procedure the State may use if the estimated value of seized property is $25,000 or less; it includes the pleading requirements applicable to claims by the owners of the seized property.

Judging Francis's claim in light of the specific requirements of OCGA § 16-13-49 (n) (4), it is clearly deficient. The statute provides that in addition to being signed by the owner "under penalty of per-

---

[1] A third person filed a claim to the car, alleging he had purchased the car from Francis prior to the seizure. This claim is addressed in the trial court's order along with those of Francis and Samuel. Because the claimant is not a party to this appeal, however, we do not address his claim.

jury," the claimant's pleading must satisfy seven requirements by setting forth: the caption of the proceedings and the claimant's name and mailing address; the "nature and extent of the claimant's interest in the property; [t]he date, identity of the transferor, and circumstances of the claimant's acquisition of the interest in the property; [t]he specific provision of this Code section relied on in asserting that the property is not subject to forfeiture; [a]ll essential facts supporting each assertion; and [t]he precise relief sought." OCGA § 16-13-49 (n) (4) (C)-(G).

In his signed claim, Francis gave his name and address. Beyond that, he stated only that he was the registered owner of the car, that he was "not legally accountable for the conduct giving rise to its forfeiture" (tracking the language in OCGA § 16-13-49 (e) (1) without identifying the Code section), and that the car was not purchased with drug profits or used to convey drugs. The claim fails to set forth the date of the transfer, the identity of the transferor, the circumstances of acquisition, the provisions of the statute relied on, or any facts supporting Francis's assertion that he is not "legally accountable for the conduct" leading to the seizure.[2] The trial court did not err in concluding that Francis's claim was insufficient.

2. Samuel filed a claim in which she stated she was the owner of the currency, the counterfeit money detector, and the pistol seized. Her claim contains more information than that of Francis. It identifies the sources and the dates of transfer of the currency, the counterfeit money detector, and the pistol. It also states that Samuel is not "legally accountable for the conduct giving rise to the forfeiture." The claim does not, however, identify the provisions in the statute relied upon for this conclusion, nor does it state the factual circumstances under which Samuel acquired most of the items or recite any facts supporting her assertions that she is an innocent owner.

Great particularity is required in a claim for seized property "to assure some degree of legitimacy to the claim and to elicit supportive factual information so as to expedite the proceeding." *State of Ga. v. Cannon*, 214 Ga. App. 897, 898 (449 SE2d 519) (1994). In *Harris v. State*, 222 Ga. App. 267 (474 SE2d 201) (1996), this Court acknowledged that the legislature could impose pleading requirements in special statutory proceedings, but held that those requirements must be interpreted reasonably; "the [forfeiture] statute's attempt to assure legitimacy can only go so far." Id. at 268-269.

A majority of this Court held in *Harris* that the claim there was

---

[2] Approximately three months after filing the claim, Francis amended his *answer* to the complaint for forfeiture and set forth most of the required information in the amendment. He never amended the *claim*. He never addresses this amendment — or his "answer" — and his brief refers (properly) only to the claim document.

sufficient. But the claim in *Harris* complied in far greater measure with the requirements of OCGA § 16-13-49 (n) (4) than the claim in this case.

(a) The opinion in *Harris* addressed only the claim to currency. The claim in *Harris*, however, not only itemized the various sources of the currency, but also indicated the factual circumstances surrounding its acquisition by the claimant. For example, the claim did not state merely that some currency was derived from an inheritance and insurance proceeds. It detailed the circumstances under which the claimant acquired the funds: that a portion of the funds was from "an inheritance [the claimant] had received as a result of his father's death on October 13, 1994" and "a life insurance benefit in the amount of $350 he received because of his father's death." Id. at 268. The claim contained some assurance of the legitimacy of Harris's possession of the currency.[3]

In contrast, Samuel's claim reveals little about the factual circumstances surrounding the acquisition of the funds. As to most of the currency, the claim states only when it was acquired and from whom, although an unidentified amount is characterized as "earnings" from two employers. The claim identifies $3,000 as a "personal loan" and $800 as a withdrawal from a savings account. Neither the purpose for the personal loan nor the reason for the withdrawal from savings is stated. Although the claim identifies $1,290 as an emergency payment from FEMA, it relates nothing about the factual circumstances under which it was issued.

(b) Even assuming, without deciding, that Samuel's claim to the *currency* adequately complied with the statute, the same cannot be said for her assertion of ownership of items peculiarly associated with illegal transactions: the pistol and counterfeit money detector. Neither her bare allegation that she received the pistol as a gift from Francis — who was charged with trafficking in drugs — nor her statement that the counterfeit money detector was bought on the streets of St. Thomas offers any assurance of legitimacy. We must therefore agree with the trial court that Samuel's claim, too, is insufficient and must be dismissed.

3. OCGA § 16-13-49 (e) provides that "[a] property interest shall not be subject to forfeiture under this Code section for a violation involving one gram of cocaine or less or four ounces of marijuana or less unless said property was used to facilitate a transaction in or a purchase of or sale of a controlled substance or marijuana." Francis and Samuel contend the trial court erred in entering a judgment of

---

[3] The dissent in *Harris* focused on the fact that Harris failed to disclose the source of the funds he used to purchase lottery tickets that resulted in his winning a portion of the currency seized.

forfeiture because the contraband found in their residence was less than four ounces of marijuana, and they did not knowingly take possession of the cocaine in the package delivered to their residence by police officers, they did not open the package prior to Francis's arrest, and the officers did not advise them of the contents of the package before arresting them. This contention has no merit.

Quite apart from the fact that these factual contentions are contested by the State,[4] a property owner's rights to the seized property are dependent upon the filing of a statutorily sufficient claim to the property in response to the notice of forfeiture. See *Greene v. State*, 220 Ga. App. 292 (469 SE2d 428) (1996). We have determined in Divisions 1 and 2, supra, that the claims filed by Francis and Samuel were legally insufficient. The filing of a statutorily insufficient claim is tantamount to no claim having been filed. In such cases, the State need not even *file* a complaint for forfeiture; "all right, title, and interest in the property is forfeited to the [S]tate." OCGA § 16-13-49 (n) (6). The trial court was therefore not required to reach the contentions in the answers filed to the complaint for forfeiture.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 5, 1997.

*Melvin Ricks*, for appellants.
*Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney*, for appellee.

---

[4] In the complaint for forfeiture, the State alleged that Francis accepted the package and when the agents entered Francis was opening it in his apartment amid numerous items of drug paraphernalia: several sets of scales, a food tray and beaker covered with white powdery residue, and small ziplock bags. The seized pistol and counterfeit money detector were also nearby.